# 482                    BRADFORD v. MOGK.

FRANK S. BRADFORD, CHARLES P. BUCKLEY AND
   NATHANIEL NILES, AS EXECUTORS OF AND TRUSTEES
   UNDER THE LAST WILL AND TESTAMENT OF SAMUEL I.
   HUNT, DECEASED, PLAINTIFFS, v. WILLIAM MOGK,
   DEFENDANT.

*Annuities charged upon an estate — when the charge does not prevent a sale, free
therefrom, of the real estate.*

A testator by a will, which conveyed his estate in trust to his executors and trustees
   named therein, and conferred upon them power to convey his real estate in fee
   simple in their discretion, after giving out of the income of his estate certain
   legacies, further provided:
      "*Nine.* For each and every of the foregoing annuities the reckonable year
   shall begin at the date of my decease, and I make each and every of the same a
   first charge upon my estate into whose hands soever it may come."
*Held,* that the word "estate," as used in the will, referred to the title, and not to
   the *corpus* of the property, and that the lien of the annuities attached to the
   interest which the testator had in all of his property, and became a specific
   charge upon none.
That the executors had power to convey the real estate free· from any lien or
   charge thereon.

SUBMISSION of a controversy, without action, to the court for the
purpose of obtaining a construction of the provisions of the last will
and testament of Samuel I. Hunt, deceased, relative to the authority
of his executors to convey a good title to certain real estate which they
had entered into a contract to sell and convey to the defendant.

*W. W. Buckley,* for the plaintiffs.

*Max Brill,* for the defendant.

DYKMAN, J.:

The defendant in this action entered into a written agreement with
the plaintiffs, who are the executors of the last will and testament
of Samuel I. Hunt, deceased, for the purchase of a lot of land in the
city of Brooklyn of which their testator died seized and possessed.

Becoming distrustful and fearful respecting the power of the
executors to convey the premises, the defendant refused to execute
his agreement and take the conveyance; and as the executors
insisted upon his performance the controversy has been submitted
to us without action, and so we have the case. Obviously, the solu-

tion of the question presented depends upon the construction to be given to the last will and testament of Samuel I. Hunt, deceased, which is long and complicated. Yet the scheme of the will and the design of the testator are not difficult of ascertainment.

By the terms of the will all the estate of the testator, both real and personal, with some exceptions unimportant here, is given to the executors and trustees named therein, or such of them as qualified, and to the survivor and survivors of them, in trust to control and manage the estate, collect the rents, issues and profits during the life of his daughter and grandson, and to dispose of the income in the manner directed by the will. The executors are invested with the most ample power to convey in fee simple at any time, at public or private sale, any and all of the real estate of the testator, in their discretion. Thus far no difficulty is encountered, but the uncertainty and the controversy arise over the ninth clause of the will. By the third, fourth, fifth, sixth, seventh and eighth clauses of the will the testator provided for the payment of annuities to several persons out of the income to be derived from his estate, and then he inserted this provision :

"*Nine*. For each and every of the foregoing annuities the reckonable year shall begin at the date of my decease, and I make each and every of the same a first charge upon my estate into whose hands soever it may come."

This is the clause which creates the apprehension of danger, and which leads to the contention of the defendant that all the annuities are charged upon the estate, and that such charge creates an incumbrance which will rest upon the property "into whose hands soever it may come," and we must see if it does. Throughout his entire will the testator uses the term estate, and from the manner and connection in which the term is constantly employed it must be held to refer to his title, and not to the *corpus* of the property. Such is the usual rule of application of the term estate unless it be controlled or restricted by other portions of the instrument. " An estate in lands, tenements and hereditaments signifies such interest as the tenant hath therein. * * * It is called in Latin, *status*, it signifying the condition or circumstance in which the owner stands with regard to his property." (2 Black. Com., 103.) Such is also the natural and primary signification of the term.

This will, like all others, must receive a construction which will impart force and validity to all its provisions, if it be susceptible of such interpretation. If the contention of the defendant presents the true exposition of the testator's intention, then he has defeated his important design to clothe his executors with an unrestricted and unlimited power of sale of all of his estate, because if the annuities rest upon all the property as a charge and incumbrance, then the executors can make no disposition of any portion of the estate without the consent of the annuitants, who may or may not be capable of giving such consent, or may withhold the same at their pleasure. Such a construction would not only embarrass the executors in the administration of the trust created by the will, but would substantially nullify many of its portions.

We cannot concur in such interpretation, especially as it is unnecessary and not required, even by the language of the will creating the charge. If we impart to the term estate, as employed in the ninth clause of the will, its natural import and meaning, then it attaches the lien of the annuities to the interest which the testator had in all of his property, and became a specific charge upon none. Such a construction renders the entire will harmonious and capable of execution in accordance with the scheme and scope of the will and the evident design of the testator.

The extensive powers bestowed upon the executors, in respect to the management of the estate and the disposition of the property, were placed in the hands of the executors for the purpose, in part, of providing and continuing the very annuities charged upon the estate, and if they cannot exercise the power of sale, that very object will be defeated. This is not like the case of lands devised to a beneficiary charged with the payment of a legacy or annuity, because here the property is placed in the hands of the executors in trust, to subserve a particular purpose plainly contemplated by the testator and provided for by the will.

The plaintiffs must have judgment to compel the defendant to perform and carry out his contract, with costs.

BARNARD, P. J., concurred.

Judgment for plaintiff that defendant carry out the contract.