WILLIAM A. PINNEY v. GEORGE R. KING and Another.[1]

May 25, 1906.

Nos. 14,701—(77).

**Use of Dynamite.**

The dangerous character of dynamite, when used for blasting or other like purposes, imposes upon the person so employing it the duty to provide reasonably safe and suitable methods for its use, and the duty to instruct and warn his inexperienced servants of its character and the manner in which it may be handled and used with safety.

**Negligence of Master.**

Evidence considered, and *held* sufficient to support the verdict of the jury that defendant was chargeable with negligence in the respect stated in the opinion, and that it is not conclusive that plaintiff assumed the risks.

Action in the district court for St. Louis county to recover $7,500 for personal injuries. Defendant King alone appeared and answered. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000. From an order denying a motion for judgment notwithstanding the verdict, or for a new trial, defendant King appealed. Affirmed.

*Wm. B. Phelps,* for appellant.

*Miller & Clapp,* for respondent.

BROWN, J.

At the time of the injury complained of in this action, defendants, a copartnership, were engaged in constructing certain piers in Lake

[1]Reported in 107 N. W. 1127.

Superior at the entrance of Duluth Harbor, in connection with which it became necessary to remove the hull of a submerged boat in the vicinity where the piers were being erected. To accomplish this part of the work large quantities of dynamite were used in dislodging and breaking in pieces the sunken craft. The work was performed, and the blasting operations carried on, from a scow anchored near the piers. Sticks of dynamite, after being prepared for explosion, were taken by a diver under the water and placed in proper position at the wrecked vessel, and then exploded by means of an electric spark from a battery stationed on the scow. In order that the dynamite might be exploded to the best advantage, it was necessary to raise the temperature thereof to a proper point, or, as expressed by the witnesses, "to thaw it out." For this purpose an old boiler with a firebox attached was utilized in this manner: A fire was started in the firebox and when the boiler was sufficiently heated, the coals and cinders were taken out and sticks of dynamite placed therein upon boards laid over the grates, and kept there until the required temperature was reached, when they were removed, taken under water, and exploded under the wreck in the manner stated. One Schroeff was in charge of the work as foreman, with full authority to direct the conduct of the same and the movements of all other employees of defendants engaged with him. On the morning of the accident resulting in plaintiff's injury, the usual methods were pursued—the fire started in the firebox by plaintiff and another employee, pursuant to directions given by Schroeff, the boiler heated, and a number of sticks of dynamite placed therein. By reason of the inattention of Schroeff and the other employees, the boiler was overheated, and the dynamite prematurely exploded, killing all the men engaged in the work, save plaintiff, who discovered the danger in time to leave the scow before the explosion came.

The particular injury which plaintiff suffered was a serious impairment of his sense of hearing. This action was subsequently brought to recover for such injury; defendant King alone answering, his co-defendant was defaulted. Plaintiff had a verdict in the court below, and defendant King appealed from an order denying his alternative motion for judgment notwithstanding the verdict, or for a new trial.

The assignments of error present the question whether the evidence is sufficient to sustain the verdict of the jury upon the issue

98 M.—11

raised by the pleadings and the evidence—whether plaintiff assumed the risks incident to his employment at the time of the accident. The first two errors assigned require no special mention. No prejudicial error is shown by either.

The negligence relied upon for recovery, as charged in the complaint, consists: (1) In the alleged failure of defendants to provide a suitable and safe place and method for heating the dynamite; (2) in their alleged failure to warn and instruct plaintiff of the nature and dangerous character of dynamite, and methods for handling it with safety; and (3) in failing to provide suitable and proper supervision and superintendence of the work. Our examination of the record leads to the conclusion that the verdict of the jury upon those issues is amply sustained.

Counsel for defendant does not seriously contend that it is not sustained. His principal contention is that the evidence conclusively shows that plaintiff was perfectly familiar with the dangerous character of dynamite, knew that the boiler had been overheated, that a premature explosion was likely to occur, and that by remaining upon the scow at work he assumed all risks and cannot recover. In this we do not concur. In view of the extreme dangers and hazards connected with the use of dynamite, of which the court will take notice, and the manner in which it was prepared for use in this particular work, it was unquestionably one of the personal duties of defendants properly to supervise and superintend its use, to provide reasonably safe methods for heating it, and to instruct and warn inexperienced employees of its dangerous character and the manner in which to handle it with safety. To perform their duty in these respects, defendants placed Schroeff in charge of the work, committed to him full control of the same and of the other employees, thus making him, within all the authorities, a vice-principal for whose negligence, as respects defendants' absolute duties, they are responsible. At least the evidence is amply sufficient to justify the jury in so finding.

It is claimed by plaintiff that he was inexperienced in this kind of work and unfamiliar with the dangers incident to the use of dynamite; that while he knew it was an article dangerous to life and limb when not properly handled, and that it was necessary to bring it to a proper temperature before explosions were made; that he did not know or

understand the degree of heat to which it could be raised with safety, the defendants gave him no instructions on the subject; and that he relied upon the foreman for guidance and directions in this respect. We are of opinion that the evidence sustains this position. Although plaintiff assisted in starting the fire in the boiler on the morning in question, it was not one of his duties to do so. He was employed as a general helper, his particular work being to pump air to the diver when he was under water placing the dynamite ready to be discharged. He was eighteen years of age, and the evidence justified the jury in finding that he was without any previous experience in blasting with dynamite and did not understand or appreciate the dangers incident to the manner in which it was handled in this work. It appears that he was nervous and somewhat agitated during the time the dynamite was being warmed, because, in his opinion, the boiler was overheated, and that he called the attention of the foreman to the fact. The foreman assured him that it was all right, and ordered him to let it alone. Because he was fearful of danger, it does not follow, as a matter of law, that he fully appreciated the risks and hazards of his situation.. The question was properly left to the jury.

Order affirmed.