# FAZIO v. COREY BROS. CONSTRUCTION CO.

No. 2442.   Decided June 7, 1913.   Rehearing denied July 3, 1913
(134 Pac. 747).

1. MASTER AND SERVANT—MASTER'S DUTY—WARNING.   A master is
not required to instruct and warn a servant of the danger of
an employment, where the servant knows and appreciates the
danger.   (Page 124.)

2. MASTER AND SERVANT—ACTION—INSTRUCTIONS—WARNING.   In a
servant's action for injuries from defendant's alleged negligence
in failing to warn him of the danger of thawing dynamite,
an instruction that if at the time and place where plaintiff
was working, without notice of the danger, and was ordered
by his foreman to work in proximity to the place where it
was being thawed, so that he was injured thereby, the de-
fendant was guilty of negligence, was erroneous in not requir-
ing a finding that the plaintiff, because of his youth and in-
experience, did not know and appreciate the danger.   (Page
125.)

3. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS.   Where
the only inference permissible under the evidence in a servant's
action for injuries was that he did not appreciate the danger
of working near the place where dynamite was being thawed,
error in an instruction on defendant's negligence in not requir-
ing a finding that plaintiff, because of his youth and inexperi-
ence, did not know and appreciate the danger was harmless.
(Page 125.)

4. TRIAL—INSTRUCTIONS—CURE.   In a servant's action for injuries
from the explosion of thawing dynamite, alleging negligence
in failing to warn him of the danger therefrom, an instruction
on contributory negligence that if plaintiff knew and appre-
ciated the danger of working near the place where it was
being thawed, or if the danger was so apparent that a person
of ordinary prudence must have known and appreciated the
danger, he could not recover, considered with an instruction
that, before he could recover it must be found that he did not
know and appreciate the danger of working there, was not
reversibl error.   (Page 125.)

5. EVIDENCE—JUDICIAL NOTICE—DANGEROUS SUBSTANCES.   The court
may take judicial notice that the use of dynamite in blasting
is inherently dangerous, and that no one knows when and where
it may explode.   (Page 128.)

6. MASTER AND SERVANT—DUTY OF MASTER—WARNING—USE OF DYNAMITE. The use of dynamite in blasting being inherently dangerous, and the thawing of dynamite before a fire making the immediate vicinity a dangerous and hazardous place to work, it was the duty of the master, as to a young and inexperienced servant without knowledge or appreciation of such danger, to warn him of the danger of working in the vicinity of the fire, so that his failure to do so was, as a matter of law, negligence. (Page 128.)

STRAUP, J., dissenting.

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by Joseph Fazio against the Corey Brothers Construction Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*H. H. Henderson* for appellant.

*Valentine Gideon* for respondent.

McCARTY, C. J.

Plaintiff brought this action to recover damages for personal injuries which he alleges were caused through the negligence of the defendant, Corey Bros. Construction Company, a corporation organized and existing under the laws of this state, with principal office in Ogden, Utah. A trial was had to a jury, which resulted in a verdict in favor of plaintiff for $1600. From the judgment rendered on the verdict, defendant appeals.

The facts, over which there seems to be no controversy, are as follows: During the month of December, 1907, respondent was in the employ of appellant, which was engaged in constructing a railroad bed near the town of Garneill, State of Montana. On the 27th day of that month appel-

lant had several men, who are referred to in the evidence as the powder gang, engaged in blasting rock, boulders, along the right of way. The weather being very cold, the dynamite was frozen. In order to use the dynamite it was necessary to thaw it out. The method employed in thawing the dynamite was to build a fire, and around the fire to set a row of rocks in a circle, and on the inside of the circle, between the rocks and the fire, place the dynamite so that it would receive the heat and thaw out. One Decampo, an Italian, was what is called the "powder man." It was his duty to attend to the fire, arrange the rocks, and place the dynamite near the fire where it would thaw out. It was also his duty to mix mortar, which was used for blasting purposes. That is, Decampo would take the dynamite after it was thawed, place it on the rocks, cover the dynamite with mortar, explode the dynamite, and break the rocks. Respondent worked with Decampo and the other members of the powder gang as helper. The duties of the helper were to carry powder, tools, and wood, and to do work generally of that character. A helper is not required, nor is he expected, to be an experienced hand in drilling or in the use of dynamite. On the occasion in question respondent was directed by the foreman in charge of the work to assist Decampo. One of the respondent's duties was to carry sand from a steam shovel some distance from the fire above mentioned, to where Decampo was mixing mortar, and near the place where he was thawing dynamite. Respondent, who was an Italian, came to this country from Italy in 1904 or 1905, and was 19 years of age when he received the injuries alleged in his complaint. He did not understand the English language, and had had no experience in handling or using dynamite. He was not advised by appellant, or anybody else, of the danger of working in the vicinity of and in close proximity to the place where dynamite was being thawed and used. On this point respondent testified (and his testimony is not disputed) in part as follows: "I did not handle dynamite . . . for Corey Bros. Never did handle it in my life. . . . I never saw them explode dynamite before the 27th of De-

cember," the day of the accident. As respondent, on the day in question, was returning from the steam shovel with his fourth load of sand to where Decampo was at work, and when he was about eight or nine feet from the fire, the dynamite that was being thawed exploded. Decampo, who was about seven or eight feet from the fire, was killed by the explosion, and respondent was seriously injured. Respondent's nose and one of his arms were permanently injured, the hearing of one of his ears and the sight of one of his eyes were entirely destroyed, and the sight of his other eye very much impaired.

The alleged negligence of appellant, upon which respondent relies for a recovery, is stated in his complaint as follows:

"That the defendant then and there carelessly, negligently, and wrongfully ordered the plaintiff in his work to take sand alongside said sticks of dynamite and in close proximity of said dangerous explosives, and the defendant carelessly, negligently, and wrongfully permitted the plaintiff to engage in his work and go past the premises at said place where said dangerous explosives were being handled by the defendant, without giving him any notice or warning of the dangers thereof. . . . And plaintiff never knew or had any means of knowing that said dynamite as used and handled by defendant company was hazardous, or that defendant company would handle and manage the same so as to be hazardous and dangerous. . . . That the defendant knew, or by the exercise of ordinary care should have known, of all of said dangers, and well knew that plaintiff had no knowledge and no means of knowing of the existence of said dangers."

As we have pointed out, the respondent, at the time of the accident, was a minor nineteen years of age; that he had had no experience in handling and using dynamite.

The court, among other things, instructed the jury:

"There is no dispute as to what was the method employed by the defendant in thawing out dynamite at the time and place where the plaintiff was injured, and there is no testi-

mony contradicting the testimony that the plaintiff was not notified of the danger in working in close proximity to the place where said dynamite was being thawed out, if it was dangerous, *so that, if you find by a preponderance of the evidence that at the time and place where the plaintiff was injured, the method of thawing out dynamite as used by the defendant was dangerous, and if you further find that the plaintiff was ordered by the foreman of the work being done by the defendant at that time and place to perform the duty of carrying sand or dirt in such close proximity to the place where such dynamite was being thawed out that his life and limb were endangered thereby, then the court charges you that the defendant was guilty of negligence,* and if you find by the same amount of evidence—that is, by a preponderance of the evidence—that such negligence proximately caused the injuries which plaintiff received, in other words, if you find by a preponderance of the evidence that but for such negligence the plaintiff would not have been injured, then the court charges you that the plaintiff is entitled to recover in this action, unless you find that he was guilty of contributory negligence, as will be hereinafter explained to you."

Appellant excepted to that part of the instruction which we have italicized and assigns the giving of it as error.

It is suggested that it does not necessarily follow that because appellant failed to warn and advise respondent of the danger of working in the immediate vicinity of the place where the dynamite was being thawed, handled, and used, appellant was guilty of negligence; that negligence in that regard would depend upon whether respondent knew and appreciated the danger without having it explained to him, and that the court should have incorporated this question with the other propositions embodied in the instruction, and, not having done so, the instruction as given is erroneous. Of course if respondent knew and appreciated the danger, appellant could not be legally convicted of negligence because of its failure to warn and advise him of it. The rule is elementary that the master is not

required to instruct and warn the servant of the danger of the employment with which the servant is conversant. Bailey's Mast. Liab. to Serv't, p. 118, and cases cited in note.

We think that as an abstract proposition of law the instruction, standing alone, does not lay down a correct principle of law. It does not contain all of the elements or propositions necessary to constitute negligence on the part of the master. If the court had incorporated in the instruction, after the clause "his life and limb were endangered thereby," the following "and that plaintiff, because of his youth and his inexperience in handling and using dynamite, did not know and appreciate the danger"—the instruction would, as an academic proposition, contain a correct statement of the law applicable to the facts of this case.

We do not think, however, that under the facts and circumstances of this case the giving of the instruction was prejudicial error. Respondent, at the time he was injured, was but nineteen years of age, and he had had no experience whatever in handling and using dynamite. And the only inference permissible under the evidence, which is not in conflict on this point, is that he did not know or appreciate the danger of working in the immediate vicinity of the place where the dynamite was being thawed, handled and used. Therefore, even if the court had submitted the question of whether respondent had knowledge of and appreciated the danger, the jury could not have found against him on that question without ignoring the evidence and disregarding the instructions of the court.

The court charged the jury on the question of contributory negligence as follows:

"The defendant alleges that the plaintiff was guilty of contributory negligence, and the court charges you that by 'contributory negligence' is meant a failure on the part of the plaintiff to exercise such care as a person of ordinary prudence would have exercised under the circumstances. If the plaintiff failed to exercise such care,

and such failure proximately contributed to plaintiff's injuries, then he cannot recover in this action.

"The court charges you that if you find from the evidence that at the time and place of his employment by the defendant company the plaintiff had no knowledge of danger in the use of dynamite, or its dangerous and explosive character, and did not appreciate the dangerous nature of dynamite, nor the danger of being in close proximity to where it was being thawed out, then the court charges you that the plaintiff was not guilty of contributory negligence, unless you should find that the danger was so apparent that a person of ordinary prudence, by the exercise of ordinary care, must have known and appreciated the danger incident to his employment at the place where he was injured."

The jury were given to understand by these instructions, that should they find from the evidence that respondent had' knowledge of and appreciated the danger of working in the immediate vicinity of the place where the dynamite was being thawed, or if they found that "the danger was so apparent that a person of ordinary prudence, by the exercise of ordinary care, must have known and appreciated the danger," he could not recover. The court also instructed the jury as follows: "You are not to consider any one clause of these instructions as an independent proposition, but you must consider all of the instructions together."

We do not wish to be understood as holding that in all cases a faulty or incorrect instruction given on one phase of the case is cured by the giving of a correct instruction on the same point in another part of the charge which deals with some other phase of the case. What we do say is that, under the facts and circumstances of this case, the giving of the instruction complained of was not prejudicial error. Moreover, as we have suggested, the jury were in effect told that before they could return a verdict for respondent they must find from the evidence that he did not know of and appreciate the danger of working in the immediate vicinity of the place where the dynamite was being thawed.

Counsel for appellant, in his printed brief, says: "The using of dynamite in blasting, at all times and under all circumstances, is more or less a dangerous occupation," and he says: "That the handling of dynamite for blasting purposes was dangerous to a certain extent no one will deny. No one knows at what time or at what place, while dynamite is being handled, that it may not explode." And by way of argument he says: "The defendant had a right to employ a competent agent to handle this dynamite, and it had the further right to employ an assistant to Decampo in performing this *hazardous work;* and, unless the defendant was negligent in handling this *dangerous instrumentality,* the mere fact that it was dangerous would not entitle the plaintiff to recover, though he knew nothing about the explosive qualities of dynamite, and was not acquainted with its use."

It will be seen from the foregoing copious quotations from the record and the printed brief of counsel for appellant that the following facts are in effect conceded:

(1) That the use of dynamite in blasting is inherently dangerous, and, as stated by counsel for appellant in his brief, "no one knows at what time or at what place, while dynamite is being handled, that it may not explode." Of this we think the court may take judicial notice.

(2) That the thawing of the dynamite before the fire on the occasion referred to made of the immediate vicinity of the dynamite a very dangerous and hazardous place in which to work.

(3) That respondent was not advised or warned by appellant, or by any one else, of the danger in working near or in the immediate vicinity of the place where the dynamite was being thawed, and that respondent, at the time he was injured, had had no experience whatever in handling or using dynamite, and that he did not know or appreciate the danger of working in close proximity of the fire at which the dynamite was being thawed.

Under these circumstances we think it was the duty of appellant to inform respondent of the danger of working in the

vicinity of or in close proximity to the fire at which the dynamite was being thawed, and its failure to do so was, as a matter of law, negligence. In Bailey on Master's Liab. for Inj. to Servants, pp. 111, 112, the author says:

"If there are any dangers, either latent or patent, of which the master has knowledge, either actual or presumed, which the employee, either from his youth, inexperience, want of skill, or other causes, does not, or is presumed not to, understand or comprehend, they must be made known to him by the master. . . . The obligation is not discharged by informing the servant generally that the service in which he is engaged is dangerous; and, more specially is this so when the servant is a person who neither by experience nor by education has, or would be likely to have, any knowledge of the perils of the business, either latent or patent. In such case the servant should be informed, not only that the service is dangerous, but of the perils of the particular place, and the particular or peculiar dangers that attend the service, if any. . . . So the negligence on the part of the master may consist solely in his failure of duty to instruct as to the perils known to him, or which he ought to know."

This rule, which we think is a wholesome one, was applied and followed by this court in the case of *Pence v. Mining Co.,* 27 Utah, 378, 75 Pac. 934.

We are therefore of the opinion that the court did not err in giving the instruction complained of, and which we have set forth.

Other errors are assigned, but we do not deem them of sufficient importance to warrant us in discussing them.

The judgment is affirmed. Costs to respondent.

FRICK, J.

I concur. While the court in the instruction complained of omitted one element, yet the jury upon that element could properly have found but one way, namely, that the respondent neither knew nor appreciated the danger to which he was exposed. As to that element the court might well have directed the jury how to find the fact as a matter of law. If, therefore, the court could properly have done so, it cannot amount to reversible error because the court omitted that element from the charge and submitted only the other elements.

STRAUP, J.

I dissent. I think the instruction not only erroneous but harmful. The theory of plaintiff's case, as alleged in his complaint and upon which he went to the jury, is not that the defendant was negligent in selecting an improper or dangerous place to thaw the dynamite, or that the manner of thawing it was unusual, improper, or negligent, but that the defendant carelessly, negligently, and wrongfully ordered and permitted the plaintiff to 'work in close proximity "of a dangerous explosive," without giving him notice or warning of the danger, he, as alleged, having been without knowledge or means of knowledge of the hazard and danger to which he was exposed, which, as is also alleged, the defendant knew or ought to have known. The court, as matter of law, charged the jury that the manner of thawing the dynamite, under all the circumstances disclosed, was not negligent. With respect to the defendant's alleged negligence, the court instructed the jury (paragraph 2) as set forth in the prevailing opinion, and also as follows: "(10) The court charges you that from the allegations of the complaint, and from the evidence introduced, the thawing of dynamite by placing it around a fire in a circle is in itself not negligence, and that the defendant was not negligent in permitting its servants to thaw dynamite in such a way, but the court charges you that if you find by a preponderance of the evidence that the method of thawing out dynamite, as used by the defendant at the time and place where the plaintiff was injured, though not negligent, was dangerous, and if you further find that the plaintiff was ordered by the foreman of the work being done by the defendant at that time and place to perform the duty of carrying sand or dirt in such close proximity to the place where such dynamite was being thawed out that his life and limb were endangered thereby, then the court charges you that the defendant was guilty of negligence." Complaint is made of both of these instructions.

By this charge it is observed that the defendant's negligence was predicated on but two things: Was the manner of thawing dynamite dangerous (not negligent); and was the plaintiff required or ordered to perform work in such close proximity thereto as to be exposed to the danger? Restating the proposition, it is this: A master, in the exercise of ordinary care and free from negligence, is engaged in the conduct of a business or the operation of machinery, or the doing of something which is dangerous; now, if he directs or requires a servant to perform work in such close proximity thereto as to be exposed to danger, then is the master guilty of negligence. And this, too, according to paragraph 10, regardless of whether the defendant notified or warned the servant of the danger, and, according to both paragraphs, regardless of all questions of whether the servant himself knew of or comprehended or appreciated the danger. Thus the court directed the jury that if the manner of thawing the dynamite was dangerous, and if the defendant ordered or directed the plaintiff to work in such close proximity thereto as to be exposed to the danger, then was the defendant guilty of negligence, regardless of the allegations of the complaint, and all questions (1) of whether the defendant negligently, carelessly, or needlessly required or directed the plaintiff to work near or in the vicinity where the dynamite was thawed, or of the circumstance or conditions attending it and surrounding him; (2) of whether the danger was open and obvious, or known to the plaintiff, or comprehended or appreciated by him; and (3) of whether the defendant knew, or ought to have known, that the plaintiff was without knowledge or means of knowledge of the danger, or, because of his youth, inexperience, or ignorance did not comprehend or appreciate it, and for that reason ought to have warned and instructed him. In other words, the charge makes the master an insurer when he permits or directs a servant to engage in a hazardous employment or to work at or in the vicinity of a place attended with danger.

It needs no argument to show that the charge is wrong. Was it prejudicial? It is said to be harmless because the

evidence without conflict shows (1) that the defendant did not notify or warn the plaintiff of the danger, and (2) that the plaintiff had no knowledge, or means of knowledge, of the danger, and did not appreciate or comprehend it. We are not now dealing with questions of fact, or insufficiency of evidence, or of whether the evidence as to certain facts is or is not in conflict. We are dealing with a question where the jury for their guidance were given an absolutely wrong principle—where they were misdirected and misguided—with respect to a material issue, the defendant's negligence, the very thing upon which plaintiff's case is founded. Such a charge I think necessarily must be harmful, unless with respect to such issue the plaintiff was entitled to a directed verdict in his favor. No such claim is made, nor, on the record, do I think such a claim could properly be made. Futhermore, before the plaintiff can be in a position to defend the judgment on such ground he is required to show that he in some manner in the court below invoked such action, and to present by cross-assignments an adverse ruling thereon for review. He did neither. He defends the charge on the theory alone that it states correct principles.

But let it be conceded that the evidence without conflict shows that the defendant did not notify or warn the plaintiff of the danger, as was assumed by the trial court in paragraph 2 of the charge. The liability of a master in failing to warn and notify his servant of danger is not-determinable alone from the fact that the master did not notify or warn him. There are other equally important factors to be considered —among them, the character of the danger, whether it was open, obvious, and manifest or otherwise; the attending circumstances and conditions; the knowledge and experience of the servant himself; and the defendant's knowledge or notice, either actual or constructive, of the servant's lack of knowledge or appreciation or comprehension of the danger. For these reasons the question of negligence predicated on the master's failure to warn or instruct the servant of danger is peculiarly one of fact. It of course is admitted

that in determining the liability of the master in this regard the question, or the extent, of the servant's knowledge or appreciation or comprehension of the danger is an important factor. But again it is said that the evidence with respect to this also shows without conflict that the plaintiff was without knowledge and did not appreciate the danger. I do not concur in that. True, certain facts were testified to by the plaintiff which were not directly disputed. That the plaintiff was a young man nineteen years of age and was inexperienced in the handling of dynamite is shown. He testified that he never handled dynamite, and until the accident never saw it exploded or discharged, and that the defendant gave him no instructions or warning concerning dangers of dynamite. But he did not testify that he was ignorant of the explosive properties or character of dynamite, or the purpose for which it commonly is used. He testified that he saw it thawing by means of fire; but he did not testify that he was ignorant of the danger or liability of its discharge by heat or coming in contact with fire, or that he was ignorant of, or did not appreciate or comprehend, any of the attending dangers. The defendant prosecuted the work of constructing a roadbed at different camps several miles apart. Plaintiff testified that before his injury he worked fourteen or fifteen days at camp eleven, about ten days at camp six, and three or four days at camp fourteen, where he was hurt. At all these places rock was blasted by dynamite. He testified that at camp fourteen he worked about one day and a half drilling holes in rock, but did not know what the holes were for. He further testified that he did not at either place see dynamite discharged, because when the explosions occurred he was either in the blacksmith shop, or at some other place where he could not see the discharge, but heard the reports of the discharges. The plaintiff in fact was an inexperienced powder man, and to a large extent in that capacity worked as a helper. But nothing was made to appear that the defendant or its vice principal—its agent who employed him or under whose direction he was—had any knowledge of his

inexperience or unfamiliarity with dynamite, or that any such information was given by him, or by any one, to the defendant or to any of its agents. He was employed with a gang of eight other Italians to drill and blast rock, and to do other work about the camp. Nothing was said by him, or by any one, of his inexperience or unfamiliarity with any of the work undertaken by him. That the defendant knew or ought to have known of his inexperience and unfamiliarity, or that he was ignorant of, or did not appreciate or comprehend the attending dangers, rests upon inferences and deductions, largely from the facts of plaintiff's age. Now let it be conceded that the evidence was sufficient to carry the case to the jury on all these questions. Nevertheless, I do not think it ought to be said that but one finding is permissible, negligence on the part of the defendant in failing to warn and instruct the plaintiff. Especially is this true when the facts upon which the plaintiff's ignorance of the danger and his want of appreciation of it rest almost entirely upon his own testimony, the testimony not only of a directly interested witness, but a party to the action, and concerning a matter peculiarly within his own knowledge. Though one, especially an interested party, should testify that he was in fact ignorant of the danger, or that he in fact had not appreciated or comprehended it, still the truth or falsity of the testimony, or the weight to be given it, would depend upon or be affected by a variety of things: Among them, the character of the danger; how open and obvious it was; how well, if at all, it was generally known and understood; the age, experience, and intelligence of the person, and the circumstances and conditions attending the danger and surrounding the person. Under such circumstances the question of the defendant's negligence is peculiarly one of fact, upon which the defendant was entitled to have the judgment of the jury. Hence I may here say, as was said by Mr. Justice Gary in the case of *P., C., C. & St. L. Ry. Co. v. Warren,* 64 Ill. App. 584:

"It is no answer to say that the appellee, suing a railroad, would
have had a verdict anyhow; the appellant had the right to be
mulcted under the forms of law."

The negative charge, referred to in the prevailing opin-
ion, that if the plaintiff was without knowledge of the
danger and did not appreciate it, then he was not guilty of
contributory negligence but emphasizes, instead of cures, the
error complained of. In the first place it, too, is erroneous
in that it makes the want of contributory negligence solely
dependent upon one thing: If the plaintiff was without such
knowledge and did not appreciate the danger, then, says the
court, was he, as matter of law, not guilty of contributory
negligence, no matter how much he may have lacked in due
care in all other particulars. But in the event the jury
found he had such knowledge and did appreciate the danger,
then what? The charge is silent as to such an hypothesis.
The jury were left to dispose of it, and were given the lib-
erty to find the plaintiff guilty or not guilty of negligence,
as they on the evidence, aided by argument of counsel,
might think justice and meet in the premises and agreeably
with the prayer of the complaint. In the next place this
charge gave the jury to understand that plaintiff's knowl-
edge and appreciation of the danger, or the want of it,
had but to do with the question of contributory negligence
and the determination of it, but had nothing whatever to
do with the question of the defendant's alleged negligence in
failing to warn or notify the plaintiff of the danger, and
hence but emphasized the error complained of and consid-
ered. Certainly it will not be claimed that one error
against an aggrieved party may be cured by another of
equal or greater injurious effect.

And lastly, the conclusion deduced that because of the
charge of contributory negligence the jury, before they
could find for the plaintiff, were required to find that he
was without knowledge of the danger and did not appre-
ciate it is, in my judgment, not justified. For, as already
pointed out, that charge directed the jury that if the plain-
tiff was without such knowledge and did not appreciate the

danger, then was he not guilty of negligence; but if they found he had such knowledge and did appreciate the danger, then were they at liberty to find him guilty or not guilty as their deliberations might determine.