SOLLEIM, Appellant, v. NORBECK & NICHOLSON COMPANY, Respondent.

(147 N. W. 266.)

1. **Master and Servant—Injury to Servant—Knowledge of Danger —Assumption of Risk—Evidence, Competency.**

   Where, in an action for injuries to an employee by the explosion of dynamite while being tamped into a pipe by the foreman, with a pole with a nail in it, **held**, that evidence of the employee's knowledge of the danger to which he was thereby exposed was admissible on issue of assumption of risk, since, whether an employee assumed a risk depends largely upon his knowledge and understanding of the danger to which he is exposed.

2. **Same—Negligence—Danger of Dynamite, Judicial Knowledge of —Question For Jury.—Directed Verdict.**

   Where, in a suit for injuries to an employee by explosion of dynamite while being tamped into a pipe, by a fellow-servant, with a pole, the evidence showed that dynamite had been tamped into similar pipes for several days with a pole without a nail, no explosion occurring therefrom, and that the explosion occurred at the first use of the pole with a nail, **held**, that the jury might have been warranted, from such evidence, in finding the nail caused the explosion; since courts and juries will take notice of the nature and propensities of dynamite and the high degree of care required in handling it; and direction of verdict for defendant upon such evidence was error.

3.  **Fellow-servant Rule Inapplicable—Negligence of Vice-Principal —Liability of Employer.**

    Civ. Code, Sec. 1449, providing that employer is not bound to indemnify employee for losses suffered by negligence of another person employed by same employer in the same general business, unless employer neglected to use ordinary care in selection of a capable employee, is but declaratory of the common-law fellow servant rule, and is not applicable to a case where a foreman of a well-repairing crew, with power to determine the nature of the tools to be used in the work, drove a nail into a bamboo pole which was being used to tamp dynamite into a pipe, which was being used when filled with dynamite, in blasting out a well; the pipe, while such tamping was being done by the foreman, having exploded, thereby injuring plaintiff, another employee; and held, that such foreman was not plaintiff's fellow-servant, but was a vice-principal of the employer, and the employer is liable for such injury.

4.  **Same—Vice-Principal's Relation to Fellow-servant—Liability of Employer—Assumption of Risk.**

    One representing an employer as vice-principal may act as vice-principal and as a fellow-servant, and where an act is done by an employee in performance of a duty resting upon employer, the latter is liable for negligent performance thereof, but if done in performance of a duty resting upon a fellow-servant, the master is not liable; the employee assumes risk of a negligent act in the line of duty of a fellow-servant, but not of such act when performed in the line of vice-principal-ship.

5.  **Same—Furnishing Safe Tools—Master's Delegation of Duty.**

    The duty of an employer to furnish safe tools for use by its employees, is one from the due performance of which it cannot escape by delegation of such duty to another who, as an employee, was a vice-principal, or superior servant. and not a fellow-servant.

                    (Opinion filed May 18, 1914.)

Appeal from Circuit Court, Spink County.    Hon. ALVA E. TAYLOR, Judge.

Action by Jacob Solleim against the Norbeck & Nicholson Company, to recover for personal injuries.   From a judgment for defendant upon a directed verdict, and from an order denying a new trial, plaintiff appeals.    Reversed and remanded for new trial.

*Roy T. Bull* for Appellant.

There was sufficient evidence introduced by plaintiff at the trial to warrant the submission of the cause to the jury.   The

evidence of plaintiff clearly shows that he was entirely inexperienced in the work about which he was engaged, and that it was the duty of his employer to not only warn the plaintiff of the dangers of such employment but also to fully instruct him how best to avoid such dangers, and in what manner he should handle the dangerous explosive, dynamite.

The court erred in directing the verdict for the defendant; it should have submitted the case to the jury. Cannon v. S. D. Central R. R. Co., 29 S. D. 433; Herbert v. N. P. R. R. Co. (Dak.), 13 N. W. 349; affirmed in 116 U. S. 642; Tedford v. Los. Angeles Electric Co. (Cal.), 54 L. R. A. 85-91; Engleking v. Spokane (Wash.), 29 L. R. A., N. S., 481-485 and note; Pence v. Cal. Mining Co. (Utah), 75 Pac. 934; Case note in 19 L. R. A. (N. S.) 997; Shearman & Redfield on Neg., Sec. 203-204, 219; Mather v. Rilliston, 156 U. S. 391; Chambers v. Woodbury Mfg. Co. (Md.), 14 L. R. A., N. S., 383; Hendrickson v. U. S. Gypsum Co. (Ia.), 9 L. R. A., N. S., 555; Ohio Valley R. Co. v. McKinley (Ky.), 33 S. W. 186; Labatt, Master and Servant (2nd Ed.), Sec. 1153, 1317.

The duty imposed by law upon a master requires that such a person as the plaintiff was, in respect to experience and intelligence, should have been specially warned as to the danger of the work he was ordered to do. Peters v. George, 83 C. C. A. 408; Karcgewski v. Wil. City Ry. Co. (Del.), 54 Atl. 746; Doyle v. Pittsburg Waste Co. (Pa.), 54 Atl. 363; Reynolds v. Boston & Maine R. R. (Vt.), 33 Am. St. Rep. 908; Taylor v. Wootan (Ind.), 50 Am. St. Rep. 200; O'Connor v. Golden Gate Mfg. Co. (Cal.), 87 Am. St. Rep. 127, and notes; 143 N. W. (S. D.) 332; Addicks v. Christoph (N. J.), 72 Am. St. Rep. 687; Hanson v. Red Wing Sewer Pipe Co. (Minn.), 142 N. W. 804; Ribich v. Lake Sup. Smelt. Co. (Mich.), 81 Am. St. Rep. 215.

*Sterling & Clary*, for Respondent.

The master's duty is performed when he furnishes proper and safe materials and appliances. Any negligence in their use relates to a detail of the work for which the master is not liable. Steinke v. Diamond Match Co., 58 N. W. 842; Neilson v. Gilbert, 33 N. W. 666; Henry v. Ann Arbor R. C., 103 N. W. 846;

Stringham v. Hilton, 1 L. R. A. 483; Probiski v. Northwestern Coal Co., 74 N. W. 117.

Under the law and the evidence the court rightfully directed the verdict in favor of defendant.

This action is controlled by Sec. 1449 Revised Civil Code.

Under our statute as well as the common law, in order to hold the defendant liable, it must be shown that the defendant knew of the servant's incompetency. McKeever v. Homestake Mining Co., 10 S. D. 604.

The great weight of authority rejects the superior servant rule, and the foreman directly in charge of the work is a fellow servant of the employees who are doing the work. Elliott v. M. & St. P. Ry. Co., 5 Dak. 523; Northern Pac. Ry. Co. v. Hambly, 154 U. S. 349, 38 L. Ed. 1011; Davis v. Trade Dollar Mining Co., 54 C. C. A. 636; Alaska Treadwell Mining Co. v. Uhrlan, 168 U. S. 86; 12 Ency. Law, 933; Ell v. Northern Pac. Ry. Co., 1 N. D. 336, 48 N. W. 222, 12 L. R. A. 97; Harris on Damages by corporations, Vol. 1 Page 616 and 617; Chicago A. R. Co. v. May, 108 Ill. 288; Northern Pac. Ry. v. Peterson, 162 U. S. 347, 40 L. Ed. 994; Chicago R. Co. v. Barker, 14 Am. & Eng. Ann. Cases 375; Harmon v. Milwaukee Bridge Co., 7 Am. & Eng. Ann. Cases 458; Williams v. North Wisconsin Lbr. Co., 102 N. W. 589; Wiske v. Monticello Granite Co., 87 N. W. 461; 26 Cyc. 1165-6.

A master is not bound to warn and instruct his servant as to dangers which are patent and obvious. 26 Cyc. 1171; American Bridge Co. v. Valente, 25 Am. & Eng. Ann. Cases Page 73; Eelsh v. Grace, (Mass.) 46 N. E. 387.

McCOY, J. From the record it appears that respondent, Norbeck & Nicholson Company, is a corporation engaged in the business of constructing and repairing Artesian wells; that appellant was employed by respondent as a laborer to assist in the prosecution of such business; that a well crew consists of a foreman or boss and some three or four assistants or helpers; that the managing officers, or agents of respondent instructed the foreman as to what particular work was to be done, and the helpers received their instructions from the foreman; that dynamite was used in the prosecution of such business in stopping the flow of and in removing rocks and other obstacles from such wells; that

appellant was injured by an explosion of dynamite used in the endeavor to stop the flow of a well on the 9th day of May, 1910; that Nicholson, one of the managing agents of respondent instructed one Vognild, the foreman of the crew with which appellant worked, to stop the flow of a certain well in the city of Redfield; that Vognild directed apellant to assist in said work; that under the directon of Vognild, who also assisted in the work, a two and one-half inch iron pipe, eighteen or twenty feet long, lying upon a hillside, was filled from the upper end with stick dynamite, about fifty pounds, the same being tamped and pushed into said pipe with a bamboo fish pole; when filled a small amount of gun powder was placed upon the dynamite, and the pipe thus filled was lowered into the casing of the well down to a depth of about 700 feet under ground and then exploded by dropping thereon a redhot iron bolt; the particular part of said work assigned to apellant was to assist in carrying and placing said pipes when so loaded and filled to said well, ready to be lowered by machinery; the process of so loading and firing off these pipes of dynamite had proceeded to the afternoon of the fifth day; Vognild was loading a certain pipe, personally placing the dynamite therein, and tamping the same down with the fish pole, the pipe was nearly filled, some forty-five pounds of dynamite having been placed therein; portions of the dynamite in being placed in and pushed down the pipe had stuck and adhered to the sides of the pipe so as to clog and interfere to some extent with the further placing of dynamite therein; Vognild, in the presence of appellant, for the purpose of scratching off and loosening from the inside of the pipe the portions of dynamite adhered thereto, drove into the end of said fishpole a nail; immediately after, while Vognild was using such fishpole with the nail in it for such purpose, the explosion occurred which injured appellant, who was standing near by Vognild waiting to carry said pipe to be lowered into the well; appellant testified that at the time Vognild was driving the nail into the pole he asked him if it was dangerous, and that Vognild replied that it was all right; appellant also testified that he knew dynamite was a dangerous thing to handle,— that it was necessary to be careful with it,—that it might possibly explode, but "I did not know that dynamite would explode by pounding it with a fishpole with a nail in it;" appellant also testified that no one

restrained him from going away from the place where such pipe was being filled.

[1] On the trial appellant was asked the question if he knew at the time this pipe was being tamped with dynamite with a fish pole with a nail in it that it was more dangerous to have the nail in the pole than not to have it. Objection was made to this question on the ground that it was incompetent, immaterial, leading, and called for a conclusion. The objection was sustained and appellant excepted and now urges such ruling as error. We are of the opinion that it was prejudicial error to sustain such objection. One of the crucial and vital questions in this class of cases is whether or not the injured party, knowing the dangers to which he was exposed, assumed the risk of being injured by remaining in close proximity to the dangerous objects. Whether or not he assumed such risk depended in a large measure upon whether or not he fully appreciated and understood that the use of the nail in the fish pole was more dangerous than the use of the pole without it. The knowledge and understanding of the injured party as to the danger to which he was exposed is always a circumstance the jury have a right to take into consideration in such cases. Brotski v. Wis. Granite Co., 142 Wis. 380, 125 N. W. 916, 2 7L. R.A. (N. S.) 982 and note. King v. Morgan, 48 C. C. A. 507. O'Brien v. Buffalo Furnace Co., 183 N. Y. 317, 76 N. E. 161. Cinkovitch v. Thistle Coal Co. (Iowa) 121 N. W. 1036. Holman v. Kemp, 73 N. W. 186. Pinney v. King, 107 N. W. 1127; Lafrano v. Water Co., 55 Hun 482, 8 N. Y. Supp, 717; Perreault v. Wis. Granite Co., 144 N. W. 110; Iverson v. Look, 143 N. W. 332.

[2] At the close of the plaintiff's testimony a verdict was directed for defendant, to which ruling plaintiff excepted, and now urges the same as error. We are of the view that the case should have been submitted to the jury. It is contended by respondent that there is no evidence showing that the explosion which injured plaintiff was caused by placing the nail in the fishpole. The jury had the right to take into consideration all the surrounding facts and circumstances and apply thereto their own knowledge of natural laws, and deduce therefrom such conclusions as were warranted thereby. From the circumstance that Vognild had been tamping dynamite into similar pipes for five days with the fish

pole without the nail and there had been no explosion, and that an explosion did occur at the very first use of the pole with the nail in it, the jury might have been warranted in finding that the nail was the cause of the explosion. Courts and juries take judicial notice of the nature and propensities of dynamite and the high degree of care required of those who handle it. Fitzsimmons Co. v. Braun & Fitts, 199 Ill. 390; 59 L. R. A. 421. Murdock v. Chicago (Ill.) 72 N. E. 46. Warren v. Electric Co. (Minn.) 104 N. W. 613. Laine v. Con. Ver. Co. (Minn.) 143 N. W. 783. Fazie v. Corey Bros. Co. 134 Pac. 747. Ongaro v. Toohey, 94 Pac. 916. Dynamite is of such a nature and propensity that most any minute concussion, created by friction or jarring will explode it. It is a matter of common knowledge that wood coming into contact with iron or rock is not likely to produce by friction sufficient concussion; and it is also a matter of common knowledge that the striking, or scratching, or any sharp, quick contact, or friction, of iron or steel against iron or steel or rock will create sufficient concussion to cause an explosion. These were matters that the jurymen of their own knowledge might have taken into consideration in determining the probabilities as to what caused the explosion that injured plaintiff. The jury were in possession of the physical facts and circumstances under which the explosion occurred, and had the right to apply their own knowledge of the laws of nature in determining what probably caused such explosion.

[3] It is also contended by respondent that no matter how negligent the foreman, Vognild, might have been, under the provisions of section 1449, Civil Code, defendant would not be liable in the absence of some showing that defendant was negligent in the selection of Vognil as foreman. This section of the Code provides that "An employer is not bound to indemnify his employe for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employe." This section of our code is declaratory of the common-law fellow-servant rule. We are of the view that the fellow servant rule is not applicable to the circumstances of this case. Vognild, as

foreman of the crew, in driving the nail into the bamboo pole was not acting as a fellow-servant within the meaning of the rule, but was performing a duty, as a vice-principal, of the defendant corporation, and whose negligence, under such circumstances, by implication, was the negligence of defendant. It does not always follow that because one is a vice-principal, or, as some say, a superior servant, that he may not also be a fellow servant within the rule embodied in said section 1449.

[4] The one who represents the master whether he be termed vice-principal or superior servant, may act in a dual capacity, (1) as vice-principal or superior servant; (2) as a fellow-servant; and whether or not the master will be held to be liable for the negligence act of such servant will depend upon whether the act, which is alleged to constitute the negligence was performed by such person in his capacity as vice-principal or in his capacity as fellow-servant. If the act was done in the performance of a duty resting upon the master, then the master would be liable for the negligent performance of such duty by the vice-principal; but if the act was done in the performance of a duty resting upon a fellow-servant then the master would not be liable. In other words an employe assumes the risk of the negligent acts of a foreman or boss in performing some act which properly belongs to the duty of a fellow-servant, but does not assume the risk of the negligent acts of such foreman when performing some act of principalship in relation to some duty imposed upon the master.

[5] One of the duties of the defendant company, and a duty from which it cannot escape by delegating such duty to another, was the furnishing of safe tools. This foreman, Vognild, exercised the power of determining the nature of the tool to be used in this particular work. In doing so he was performing a duty which belonged to the master, and not to a fellow servant. Therefore, if the jury should have determined,— and it seems there was ample evidence to warrant it in so determining—that the bamboo pole with the nail driven therein was an improper tool, then the defendant was liable for the act of its foreman in furnishing such improper tool, the furnishing of such tool not belonging to the duties of a fellow-servant. This improper tool having been furnished by the foreman it mattered

not by which one of the employes, whether the foreman or one of the helpers, it chanced afterwards to have been used at the time of the explosion which injured plaintiff. 1 Sherman & Redfield on Negligence, Sec. 232 6th Ed; Maloney v. Winston Bros, 47 L. R. A. (N. S.) 634; 111 Pac. 1080. Carlson v. N. W. Tel. Ex. (Minn.) 65 N. W. 914. Panzer v. Mining Co. 99 N. Y. 368; 2 N. E. 24. O'Brien v. Buffalo Furnace Co., supra. Engleking v. Spokane, 29 L. R. A. (N. S.) 481. Ongaro v. Toohey, supra. LaBatt's Master and Servant, Secs. 899 and 1052. 4 Thompson on Negligence Secs. 3986 and 3988. Perrault v. Wis. Granite Co., 144 N. W. 110.

The judgment and order appealed from are reversed and the cause remanded for new trial.