WIG, Respondent, v. MANCHESTER BISCUIT COMPANY, Appellant.

. (155 N. W. 772.)

(File No. 3847.    Opinion filed December 31, 1915.)

1.   Master and Servant—Injury to Servant—Foreman as Vice-Principal—"Fellow Servant"—Statute.

In a suit for damages for injury to a servant, a biscuit com-

·pany, under whose foreman plaintiff worked and whose orders he was directed to obey, held, that the foreman, who directed plaintiff to up-end a barrel of honey which lay upon a row of barrels standing on end and assisted him in so doing, acted in a dual capacity; as a vice-principal in directing the manner of, and providing the place and appliances for doing the work, and for whose negligence the employer was responsible; and as a fellow-servant in assisting in lifting the barrel, for whose negligence the employer was not liable under Civ. Code, Sec. 1449, making non-liable an employer for injuries to an employee through ordinary risks, or in consequence of the negligence of a fellow-servant, unless he failed to use ordinary care in selection of a culpable employee.

2. **Master and Servant—Injury to Servant—Vice Principal, or Fellow Servant?—Question of Law and Fact—Exception to Rule.**
While the question as to whether one of several employees is a vice-principal as to his co-employees, or whether all were fellow-servants, is generally a mixed question of law and fact for determination of the jury on the particular facts of each case, yet such is not the rule where there is no dispute as to the facts.

3. **Master and Servant—Injury to Servant—Safe Place to Up-end Barrels—Burden of Proof.**
In a suit by plaintiff, an employee of a biscuit company, for damages for injury claimed to have resulted through the process of assisting defendant's foreman in up-ending a barrel of honey which lay on top of a row of barrels standing on end, and which he claimed was an unsafe place to work, and that defendant had not furnished proper appliances for such work, held, the burden of proof was on plaintiff to show the number of rows of barrels standing on end and to the tops of which plaintiff and the foreman were confined in their movements in up-ending the barrel; he was bound to show both that the place was unsafe, and that the injury suffered was traceable to such unsafe condition, in that there was only one row of barrels standing on end on which the parties could stand in up-ending the barrel; that the case was not one where the rule of res ipsa loquitur applies.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Malker Wig, against the Manchester Biscuit Company, to recover damages for injuries suffered through negligence of deefndant's co-employee. From a judgment for defendant, and from an order granting plaintiff's motion for new trial, defendant appeals. Reversed.

*Bailey & Voorhees,* and *T. M. Bailey,* for Appellant.

*Bates & Bates (Glen L. Bruner* of counsel), for Respondent.

(1) To point one of the opinion, Appellant cited: Solleim v. Norbeck & Nickolson Company, 34 S. D. 79, 147 N. W. 266; Ell v. Northern Pacific Railway Co., 1 N. D. 336, 48 N. W. 222, 12 L. R. A. 97, 26 A. S. R. 621; Carlson v. Sioux Falls Water Company, 5 S. D. 402; Lee v. Chesapeake & O. R. Co., (Ky. 1897) 38 S. W. 509; White v. Owosso Sugar Co., (Mich. 1907) 112 N. W. 1125; Nephew v. Whitehead (Mich. 1900) 81 N. W. 1083; Paoline v. Bishop Company, (R. I. 1903) 55 Atl. 752; 8 Enc. of Evidence, 541; Labatt on Master and Servant, 1, p. 43.

Respondent cited: Labott's Master and Servant, Secs. 899, 1052, 1468-1470; Solleim v. Norbeck & Nicholson Co., 34 S. D. 79; Tills v. G. N. R. R. C., (Wash.) 20 L. R. A. (N. S.) 434, and note; Mullan v. Philadelphia, etc., Co., (Pa.) 21 Am. Rep. 2; Carlson v. N. W. Tel. Ex. Co., (Minn.) 65 N. W. 914; Maioney v. Winston Bros., (Idaho) 111 Pac. 1080; Stephens v. Hannibal, etc., Co., (Mo.) 9 Am. St. 336; Monographic Note, "Who Is a Vice Principal?" 75 Am. St. 584, 17 Ann. Cas. 241.

(2) To point two of the opinion, Appellant cited: 26 Cyc. 1474, and cases cited; Koszlowski v. American Locomotive Co., 89 N. Y. S. 55.

Respondent cited: Labatt's Master and Servant, Sec. 1494; Benak v. Paxton and V. Iron Works, (Neb.) 124 N. W. 461; Hill v. Winston, (Minn.) 75 N. W. 1030; Ill. Steel Co. v. Ziemkowski, (Ill.) 77 N. E. 190; Strinker v. Ray, etc., Co., (Ariz.) 141 Pac. 740; Cogdill v. Whiting Mfg. Co., 212 Fed. 658; O'Brien v. Buffalo Furnace Co., (N. Y.) 76 N. E. 161; Handley v. Daly Min. Co., (Utah) 49 Pac. 295; Pierce v. Arnold Print Works, (Mass.) 65 N. E. 368.

WHITING, J.    Plaintiff sued to recover damages suffered from an injury received while in defendant's employ, and while engaged with one McClintock in attempting to up-end a heavy barrel filled with honey. McClintock was the foreman under whom plaintiff worked and whose orders he was directed to obey. Plaintiff alleged:

(1) "That McClintock so negligently and unskillfully directed and performed his duties in the lifting and placing of said

barrels on end that he permitted one of said barrels to slip and fall on the left foot of plaintiff."

(2) "That the said defendant negligently failed to furnish the plaintiff and said McClintock a reasonably safe place to perform, and reasonably safe appliances wherewith to perform, the said work, in that the said defendant knowingly and willfully failed and omitted to have a safe and proper place on which plaintiff and said McClintock could stand while performing the said work, and that the said barrel of honey was damp, wet, and slippery, and too heavy to be handled in the manner directed as aforesaid."

At the close of plaintiff's evidence, the court, upon motion of defendant, directed a verdict for defendant, and judgment was entered upon the verdict. The court afterwards granted a new trial, and it is from the order granting a new trial that this appeal was taken.

Respondent had been in the employ of appellant for several month, working as a common laborer in its warehouse. Among other labor performed was that of moving barrels about from place to place. Assisted by McClintock, respondent had up-ended barrels of honey before and knew just how to do it. He knew how to hold his feet when up-ending such barrels. Up to the day of the accident, he had up-ended only such barrels as were lying upon the floor. Upon the day of the accident, there were some barrels of honey standing on end, and upon these other barrels lying on their sides. The foreman said these last-mentioned barrels must be up-ended upon those already standing. Respondent protested, saying that it was not necessary that this be done, but the foreman insisted upon its being done. They both got upon the top of one of the lower barrels, and, with one standing upon each side of one end of the barrel to be up-ended, they took hold of such barrel with their hands and proceeded to up-end same. One was up-ended without accident. When the second barrel was nearly upraised, it slipped from the foreman's hands, and, respondent being unable to support it alone, it fell and inflicted the injury complained of. There were, so far as respondent knew, no tools, machinery, or appliances of any kind at appellant's warehouse for helping up-end such barrels. There was no evidence that the barrel in question was wet or slippery. There was no

evidence but that, when up-ending the barrel in question, both parties engaged therein were standing firmly upon their feet. No reason was given by respondent why he could not evade the falling barrel. Whether there was one or more than one row of barrels standing on end does not clearly appear. Respondent said, "We just rolled them in front, and then took and lifted them up." From this we might fairly infer there were more than one row of the upright barrels.

Appellant contends: (1) The negligence causing the injury was that of a fellow servant. (2) Respondent was injured in consequence of the ordinary risks of the business in which he was employed. Respondent contends: (1) The fellow-servant rule does not apply for the reason that the acts constituting negligence were done in the performance of a duty resting upon the appellant, and not by the foreman in his capacity of fellow servant. (2) The question as to whether one of several employes is a vice principal as to his coemployes, or whether all are fellow servants, is generally a mixed question of law and fact, to be determined by a jury, on the particular facts of each case, and under proper instructions of the court. (3) The question of negligence of appellant and assumption of risk by respondent should have been submitted to the jury.

[1] It is clear that McClintock was acting in a dual capacity: In directing the manner of, and in providing the place and appliances for, doing the work he was a vice principal for whose negligence the appellant was responsible; in assisting in lifting the barrel he was but a fellow servant for whose negligence appellant would not be liable under section 1449, C. C. Solleim v. Norbeck & Nicholson Co., 34 S. D. 79, 147 N. W. 266. It is therefore clear that, unless the evidence shows that the falling of the barrel is traceable to a failure to provide suitable appliances for lifting such barrel, or to a failure to provide a safe place for the doing of the particular work in which respondent was engaged when injured, appellant was not liable. If the cause of the injury could not, under the evidence submitted, be traced beyond the slipping of the barrel from the hands of McClintock, appellant is not liable.

[2, 3] While we agree fully with respondent's second contention, yet such is not the rule where, as in this case, there is

no dispute as to the facts. Labatt's Master and Servant, § 1494. Every fact is clear and undisputed with the exception of one which would appear to be of almost vital importance to respondent's claim. There is no dispute as to this fact, but it remains uncertain solely through the neglect of respondent to furnish evidence in relation thereto, and upon him rested the burden to furnish such evidence. The fact we refer to, and one which should have been easy of proof, was the number of rows of barrels which were standing upon end and to the tops of which respondent and McClintock were confined in their movements when up-ending the barrel in question. The importance to respondent of evidence establishing the fact that there was but a single row of barrels standing upon end to the tops of which the movements of these parties were confined is shown from the following statement contained in respondent's brief:

"As to the question of the assumption of risk by plaintiff, it must be remembered that while he had helped to lift and up-end barrels of honey that were standing on the floor, as he testified on cross-examination, and knew how to place his feet while so doing, he had never helped to raise or up-end any barrels that were lying on the top of others where two men engaged in such work were obliged to stand in a cramped position on the head of a barrel where neither could use his strength to the best advantage, or, if the barrel slipped or was too heavy for McClintock, the foreman, to hold in his position, would not give an opportunity for plaintiff to get his foot out of danger as he could easily have done in raising and up-ending barrels on the floor."

With more than one row of upright barrels these parties did not need to stand upon the head of a single barrel, and, if they were negligent in so doing, appellant cannot be holden therefor. There is not a syllable of evidence that either man stood in a cramped position, that either of them could not use his strength to the best advantage, or that it was in any way owing to the situation in which respondent was compelled to stand that he failed to get his foot out of the way of the falling barrel. If these parties were compelled to stand in a cramped position wherein they could not use their strength to advantage and owing to which respondent was unable to escape the falling barrel, certainly respondent should have furnished proof thereof. If he re-

lied upon the claim that he was required to work in an unsafe
place, it was incumbent upon him to show both that the place was
unsafe, and also that the injury suffered was traceable to the un-
safe condition of the place.  Without other proof, neither the
court nor the jury would have a right to infer, from the fact that
an injury was received, that the place was unsafe and that such
unsafe condition was the cause of the injury.  This was not a case
where the rule of res ipsa loquitur applies.  Labatt's Master and
Servant, §§ 1600, 1601.  Thus this case stands as though this in-
jury had been received, when respondent and McClintock were
up-ending a barrel upon the floor.  This they had often done with-
out the aid of appliances.  The proof fails to show either the
need of appliances, or the fact that there were any known appli-
ances for the doing of such work.  There was no question to be
submitted to the jury.

The trial court rightfully directed the verdict for appellant.
The order granting the new trial is reversed.