## LANEY v CONSUMERS POWER COMPANY

Docket No. 67050. Decided December 19, 1983. Upon a motion by the defendant for reconsideration of the Supreme Court's decision reversing and remanding this case for a new trial, in lieu of granting the plaintiff's application for leave to appeal, the Supreme Court affirmed its previous order.

Colon Laney, administrator of the estate of James W. Johnson, deceased, brought an action in the Midland Circuit Court against the Consumers Power Company, seeking damages arising from the death of 16-year-old James Johnson caused by coming into contact with one of the defendant's electric power lines while climbing a tree in the front yard of his home. The court, David Scott DeWitt, J., refused to instruct the jury that the defendant's duty under the circumstances was to exercise a high degree of care, instructing instead that the standard was one of reasonable care, and entered judgment on a jury verdict of no cause of action. The Court of Appeals, Allen, P.J., and D. F. Walsh and McDonald, JJ., affirmed in a memorandum opinion (Docket No. 47668). The Supreme Court, in lieu of granting the plaintiff's application for leave to appeal, reversed the judgments of the Court of Appeals and the trial court and remanded the case to the trial court for a new trial. The defendant moves for reconsideration.

In an opinion per curiam, signed by Chief Justice Williams and Justices Kavanagh, Levin, and Brickley, the Supreme Court held:

The standard of care applicable to the defendant in this case is not a high degree of care, but reasonable care measured by what a reasonably careful person or company engaged in maintaining electric power lines would do under the same circumstances. In this case the reasonable care instruction was defective because it failed to inform the jury that the defendant's conduct is measured by what a reasonably careful company engaged in the business of maintaining electric power lines would do under the same circumstances, allowing the jury to judge the defendant's conduct by what a reasonably careful person not engaged in such a business would have done.

Reversed.

Justice Cavanagh, joined by Justices Ryan and Boyle, dissented. The jury instructions as a whole apprised the jury of the correct standard of conduct required of the defendant. The plaintiff did not object to the instructions on the basis of the standard of conduct, but the standard of care, which was also the subject of proper instruction.

*Lamb v Consumers Power Co*, 286 Mich 228; 281 NW 632 (1938), overruled.

*Cholette, Perkins & Buchanan* (by *Bruce M. Bieneman)* for the plaintiff.

*W. E. Wisner* for the defendant.

PER CURIAM. The issue presented in this wrongful death case is what standard of care is applicable to a public utility which maintains electric power lines near trees accessible to children. We hold that the reasonable care standard is applicable and consequently that the trial court did not err by refusing to instruct the jury that a "high degree of care" standard was applicable. We also hold, however, that the reasonable care instruction given in this case was defective and that reversal is required because it failed to inform the jury that application of the standard in this case required the defendant's conduct to be measured by what a reasonably careful company engaged in the business of maintaining electric power lines would do under the circumstances.

I

At trial it was established that on November 4, 1978, plaintiff's decedent, 16-year-old James Wesley Johnson, was electrocuted when he climbed an oak tree in the front yard of his home and came in contact with an electric power line. The home is located on a rural road in the Midland County community of Coleman. The defendant's power

lines run parallel to the road at a height of approximately 26 feet, and the closest line comes within 41 or 42 inches of the trunk of the tree. The lowest limbs on the tree are approximately nine feet from the ground, and defendant's maintenance crew had cut away the limbs on the power-line side of the tree.

Witnesses testified that the decedent climbed up the trunk of the tree to the vicinity of the power lines and, from that position, grabbed the closest power line and fell to the ground.

The complaint alleged negligence by the defendant in not properly locating the power lines, in not properly trimming the tree, and in not insulating the power lines.

At the conclusion of the trial, plaintiff filed a written request for an instruction informing the jury that under the circumstances the defendant was required to exercise a "high degree of care".[1] Instead, the trial court instructed the jury that the defendant's conduct was to be judged by the reasonable-care standard.[2]

---

[1] Plaintiff's written request for instruction contains the following requested instruction:

"Where electric power lines are extended by, near, or through a tree the company is required to exercise a (high degree) of care and is chargeable with knowledge that children have an aptitude and inclination to climb trees and that they may do so lawfully. *Lamb v Consumers Power Co*, 286 Mich 228; 281 NW 632 (1938); 8 Callaghan's Michigan Civil Jurisprudence, Electricity, § 22."

[2] The trial court instructed the jury in pertinent part:

"When I use the word 'negligence' with respect to defendant's conduct, I mean failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do under the circumstances which you find existed in this case. It is for you to decide what a reasonably careful person would do or not do under such circumstances.

"The law with respect to negligence is complied with when an electric company or others engaged in the transmission or use of electricity provide such protection as will safely guard against any contingency that is reasonably anticipated. The extent of the duty or standard of care is measured in terms of foreseeability of injury from a situation created.

The jury returned a verdict of no cause of action, finding no negligence on the part of the defendant. A post-trial motion for new trial or for judgment notwithstanding the verdict was denied.

The plaintiff appealed, arguing, among other things, that the trial court had erred by failing to give the requested high-degree-of-care instruction. The Court of Appeals affirmed in an unpublished memorandum opinion, and plaintiff filed an application for leave to appeal to this Court.

In an order dated December 21, 1982, in lieu of granting leave to appeal, this Court reversed and remanded, citing as the ground the trial court's failure to give the requested high-degree-of-care instruction on the authority of *Lamb v Consumers Power Co,* 286 Mich 228; 281 NW 632 (1938).

The defendant filed a motion for reconsideration arguing that *Lamb* is no longer viable authority in light of *Frederick v Detroit,* 370 Mich 425; 121 NW2d 918 (1963), which adopted the reasonable-care standard as the sole standard of care in this jurisdiction.

We grant the motion for reconsideration.

"There is no duty to safeguard against occurrences that cannot be reasonably expected or contemplated. A failure to anticipate and guard against a happening which would not have arisen but for exceptional or unusual circumstances is not negligence, nor does the law require those maintaining power transmission lines to anticipate every possible fortuitous circumstance that might cause injurious contacts with those lines.

"The law recognizes that children act upon childish instincts and impulses. If you find the defendant knew or should have known that a child or children were or were likely to be in the vicinity, then the defendant is required to exercise greater vigilance and this circumstance is to be considered by you in determining whether reasonable care was used by the defendant.

"When I use the words 'ordinary care', I mean the care a reasonably careful person would use under the circumstances which you find existed in the case. The law does not say what a reasonably careful person would do or would not do under such circumstances. That is for you to decide."

## II

In *Lamb,* a jury returned a verdict against the defendant in a factually similar case involving a 13-year-old youth who was electrocuted when he climbed a tree on family property and came in contact with power lines strung above the tree. In upholding the verdict, this Court discussed the standard of care applicable to the defendant:

"The degree of care imposed upon those maintaining electrical power lines is well stated in *Huber v Twin City General Electric Co,* 168 Mich 531, 535; 134 NW 980 (1912), where we said:
" 'The handling of electrical currents of high voltage is a business extremely hazardous, and those engaged in that business are charged with the duty of exercising a very high degree of care for the protection of life.'
"See, also, *Warren v City Electric R Co,* 141 Mich 298; 104 NW 613 (1905); *Swaczyk v Detroit Edison Co,* 207 Mich 494; 174 NW 197 (1919).

\* \* \*

"Where electrical power lines are extended by, near, or through a tree, a high degree of care is required as children have an aptitude to climb trees." 286 Mich 233, 235.

Since *Lamb,* this Court has not had occasion to review the standard of care applicable to a company which strings electric power lines. However, in 1963, in *Frederick v Detroit, supra,* the Court addressed the question of what standard of care a common carrier must exercise for the safety of its passengers. The plaintiff in that case also claimed that the trial court had erred by failing to give a "high degree of care" instruction supported by case law. After examining precedent, Justice SOURIS concluded that early on this jurisdiction, in *Michigan Central R Co v Coleman,* 28 Mich 440

(1874), adopted the classic common-law rule which imposes on a common carrier the duty to utilize due care measured by what a reasonably prudent carrier would do in the same circumstances. He noted that in *Coleman,* Justice CAMPBELL had pointed out that while the care required by a common carrier might be "extraordinary" when compared with the care required of a person not engaged in the carrier business, it was ordinary for all companies engaged in that business. Justice SOURIS discovered that it was a misapplication of this distinction in later decisions which contributed to subsequent adoption of the "high degree of care" standard. The latter standard proved unworkable, however, and was gradually overruled by judicial modifications, leading Justice SOURIS to conclude:

"For all practical purposes, we are again applying the rule of *Michigan Central R Co v Coleman,*—the classic common law of due care, measured by the care of a reasonably prudent carrier,—while sometimes saying, in addition, that due care for passenger carriers reasonably requires greater diligence than is reasonably required from others. It is time we candidly acknowledged that cases inconsistent with *Michigan Central R Co v Coleman* have been overruled." 370 Mich 436.

With regard to how the due-care standard should be implemented in the case of a carrier, Justice SOURIS provided the following guidance:

"Accordingly, when a duty arises as a matter of law between a carrier and its passengers, it is the common-law duty of due care and it may be defined simply as the duty to exercise such diligence as would be exercised in the circumstances by a reasonably prudent carrier. It then becomes the function of the jury to determine from the evidence what action, if any, should

have been taken or omitted in order to measure up to the standard of a reasonably prudent carrier in the same circumstances. * * * It is for the jury to decide as a matter of fact, and not for the court to decide as a matter of law, whether a reasonably prudent carrier in similar circumstances would exercise greater or lesser diligence in performance of its duty of due care owed to passengers than would a reasonably prudent person engaged in other pursuits not involving the risks inherent in a common carrier's business." 370 Mich 437-438.

While *Frederick* dealt with the standard of care applicable to a common carrier, it marked this jurisdiction's return to the common-law rule of one standard of due care. This was confirmed in *Felgner v Anderson,* 375 Mich 23, 30; 133 NW2d 136 (1965), a case involving negligent discharge of a firearm in which this Court rejected the argument that the jury should have been charged that the defendant owed the plaintiff a "high degree of care". Citing *Frederick,* this Court announced that "[t]he measure of duty of a negligence-charged defendant is * * * 'reasonable care *appropriate to the circumstances of the case,* a standard of negligence which allows the fact finder to determine that some factual circumstances reasonably require greater or lesser diligence than do other circumstances in order to constitute reasonable or due care. [370 Mich 431.]' "

Today we formally acknowledge that *Lamb* has been overruled and that the standard of care applicable to the defendant in this case was one of reasonable care measured by what a reasonably careful person or company engaged in maintaining electric power lines would do under the same circumstances. While we conclude that the trial court in the instant case did not err by refusing to give a "high degree of care" instruction, we find that the reasonable care instruction that was

given was defective and that reversal is required because it failed to inform the jury that application of the standard in this case required the jury to measure the defendant's conduct by what a reasonably careful company engaged in the business of maintaining electric power lines would do under the same circumstances. Absent this crucial instruction, the jury may well have judged the defendant's conduct by what a reasonably careful person not engaged in defendant's business would have done under the circumstances.

Accordingly, we affirm the reversal and remand contained in our prior order.

WILLIAMS, C.J., and KAVANAGH, LEVIN, and BRICKLEY, JJ., concurred.

CAVANAGH, J. *(dissenting).* We dissent for the reason that, when the jury instructions are read as a whole, it is clear that the jurors were apprised of the proper standard of *conduct.* Specifically, the trial court correctly instructed that negligence is the

"failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do *under the circumstances which you find existed in this case. * * * The law with respect to negligence is complied with when an electric company or others engaged in the transmission or use of electricity* provide such protection as will safely guard against any contingency that is reasonably anticipated". (Emphasis added.)

Moreover, plaintiff did not object to the jury instructions given on the basis of the standard of *conduct.* Rather, plaintiff objected on the basis of the standard of *care.* However, as the majority

makes clear, the latter standard was the subject of proper instruction.

Accordingly, we would affirm the judgment of the Court of Appeals.

Ryan and Boyle, JJ., concurred with Cav-anagh, J.