WALKER v CONSUMERS POWER COMPANY

Docket No. 68903. Submitted December 13, 1983, at Lansing.—Decided July 16, 1984. Leave to appeal applied for.

Leola Walker sustained severe burns when a gas-fueled broiler exploded at her place of employment. She filed suit against Consumers Power Company and Mr. Gas, Inc., in Oakland Circuit Court, alleging, *inter alia,* that Consumers was negligent in not shutting off the gas, or taking other action, to remedy the dangerous condition resulting from gas escaping into the kitchen where the broiler was located after it had knowledge thereof. An unopposed motion for directed verdict by Mr. Gas was granted, Robert C. Anderson, J., and the jury found that Consumers had not been negligent and returned a verdict of no cause of action. Plaintiff appeals, contending that the trial court erred in instructing the jury on the "reasonably careful person test" for negligence rather than the "higher standard of care" test and that the instructions given did not cover Consumers' duty to inspect and stop the leak when notified of the situation. *Held:*

The instructions as given accurately, fully, and fairly stated the law.

Affirmed.

SHEPHERD, J., dissented. He would find that the instructions given were defective in that they instructed the jury to measure Consumers' conduct by what a reasonably prudent person would do rather than by what a reasonably careful company engaged in the business of supplying natural gas would do under the same circumstances. He states that there is a relative standard of care for public utility companies, particularly those which provide and maintain potentially dangerous facilities as a function inherent in the scope of their activities due to the nature of the services which they provide. He would reverse and remand for a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 57 Am Jur 2d, Negligence §§ 68, 76.
   75 Am Jur 2d, Trial §§ 608, 609.
[2] 57 Am Jur 2d, Negligence §§ 115, 116.

Opinion of the Court

1. Negligence — Jury Instructions — Public Utilities.

A trial court did not err in instructing the jury on the "reasonably careful person" test rather than on a "higher standard of care" test in a negligence action against a public utility where the instructions given accurately, fully, and fairly stated the law.

Dissent by Shepherd, J.

2. Negligence — Public Utilities — Relative Standard of Care.

A relative standard of care exists for public utility companies, particularly those which provide and maintain potentially dangerous facilities as a function inherent in the scope of their activities due to the nature of the services which they provide.

3. Negligence — Jury Instructions — Public Utilities.

It was error for a trial court to instruct the jury in a negligence case against a utility company supplying natural gas on what a reasonably prudent person would do rather than on what a reasonably careful company engaged in the busines of supplying natural gas would do under the same circumstances.

*Law Offices of H. Wallace Parker, P.C.* (by *H. Wallace Parker*), for plaintiff.

*James W. Dempsey,* for defendant.

Before: J. H. Gillis, P.J., and Shepherd and J. J. Kelley,* JJ.

J. J. Kelley, J. While plaintiff Leola Walker was working as a kitchen supervisor, she sustained severe burns when a gas-fueled broiler exploded. She sued Consumers Power Company and Mr. Gas, Inc., alleging, *inter alia,* that the defendant power company was negligent in not shutting off the gas, or taking other action, to remedy the dangerous condition resulting from gas escaping into the kitchen, after it had knowledge thereof. The court granted Mr. Gas's motion for a directed verdict in

* Circuit judge, sitting on the Court of Appeals by assignment.

its favor. The jury specifically found that defendant Consumers Power Company had not been negligent. On appeal plaintiff alleges errors in the trial court's instructions.

The judge instructed the jury as follows:

"I'm now going to give you some definitions of important legal terms. Please listen carefully to these definitions so that you will understand these terms when they're used later.

"When I use the word negligence, I mean a failure to do something which a reasonably careful person would do. Or the doing of something which a reasonably careful person would not do under the circumstances which you find existed in this case.

"It is for you to decide what a reasonable careful person would do or not do under such circumstances. The law is complied with when a gas company or others engage in the transmission or use of gas provided such a protection as will safely guard against any contingency that is reasonably to be anticipated.

"The extent of the duty or standard of care is measured in the terms of foreseeability of injury from the situation created.

"There is no duty to safeguard against occurrences that cannot be reasonably expected or contemplated. A failure to anticipate and guard against a happening which would not have arisen but for exceptional and unusual circumstances, is not negligence, nor does the law require those maintaining gas facilities to anticipate any possible fortuitous circumstance that might cause injuries. Injurious contacts with those facilities.

"When I use the word, ordinary care, I mean the care a reasonably careful person would use under the circumstances which you find existed in this case.

"The law does not say what a reasonably careful person would do or would not do under such circumstances. That is for you to decide.

"It is the duty of the plaintiff, in connection with this occurrence, to use ordinary care for her safety. It is the duty of the defendant in connection with this occur-

rence to use that degree of care that a reasonably prudent person would have exercised in light of the explosive nature of gas."

Plaintiff claims that these instructions were erroneous for the following reasons: (1) Inasmuch as a dangerous substance—gas—was involved, the court should have instructed on the "higher standard of care test" rather than on the "reasonably careful person test", and failure so to instruct requires reversal; and (2) the instructions did not cover Consumers' duty to inspect and stop the leak when notified of the situation.

GCR 1963, 516.6(2) requires that pertinent portions of the Michigan standard jury instructions shall be given *if they accurately state the law.*

To the Michigan standard jury instruction on "negligence", SJI 10.02, the trial judge added:

"The law is complied with when a gas company or others engage in the transmission or use of gas provided such a protection as will safely guard against any contingency that is reasonably to be anticipated.

"The extent of the duty or standard of care is measured in terms of foreseeability of injury from the situation created.

"There is no duty to safeguard against occurrences that cannot be reasonably expected or contemplated. A failure to anticipate and guard against a happening which would not have arisen but for exceptional and unusual circumstances, is not negligence, nor does the law require those maintaining gas facilities to anticipate any possible fortuitous circumstance that might cause injuries. Injurious contacts with those facilities."

and expanded on Consumers' duty to use ordinary care, SJI 10.15:

"It is the duty of the defendant in connection with

this occurrence to use that degree of care that a reasonably prudent person would have exercised in light of the explosive nature of gas."

In *Frederick v Detroit,* 370 Mich 425; 121 NW2d 918 (1963), the plaintiff sued after sustaining injuries in a fall while alighting from a bus. The court instructed the jury:

"Now, I will say this to you at this point; that the D.S.R. is not liable unless they were negligent. They are not an insurer. They are a common carrier. A common carrier has, in the vernacular, a higher degree,—owes a higher degree of care to its passengers than a person ordinarily owes to another person. Now, that definition is open to question; because the actual definition reads that they have the duty,—anyone has the duty to exercise due care. That is the general test of negligence. Do you exercise due care? And, what do you mean by 'due care'? Due care means that amount of care that a reasonably prudent person would exercise under the circumstances then and there existing. But where the common carriers come into a different category, as it were, is the fact that it is more difficult for a common carrier to measure up to the standard of due care than it is for an ordinary person. The reason for that greater difficulty is precisely because he is a common carrier; he is carrying people for hire; and that makes him something less than an insurer, but someone who should exercise more care, in order to come up to the standard of due care, than an ordinary person. So, the Supreme Court in this state has sometimes referred,— and I personally believe erroneously,—to the fact that the common carrier owes a higher degree of care. I think that that is ultimately what it amounts to, but I think that is a very inaccurate way of stating it. They owe due care just like everybody else, but they have a harder time reaching that standard than the ordinary person does; * * *.

"What is negligence? I will define it. Negligence is the failure to use that amount of care that a reasonably prudent person would use under the circumstances.

That is the standard by which the D.S.R. liability must be measured in this case. You must ask yourselves, did the D.S.R. use the usual amount of care in this case that a common carrier, a reasonable common carrier, would and should use. That is the standard you go by when you are determining liability." 370 Mich 427-428.

In its determination that these instructions were not erroneous the *Frederick* Court stated:

"while the parties assume that the law imposes upon the defendant a duty more stringent than due care,—a duty to exercise a high degree of care, or the highest degree of care, for the safety of its fare-paying passengers,—the law correctly stated requires no more than due care and, therefore, had the challenged instruction imposed a duty burden greater than due care, we would be obligated to strike it down". 370 Mich 430.

*Frederick v Detroit, supra,* is the foundation of the decision in *Laney v Consumers Power Co,* 418 Mich 180; 341 NW2d 106 (1983). In *Laney,* the Court noted that in *Frederick* the plaintiff claimed, as here, that the trial court erred by failing to give a "high degree of care" instruction. Comparison of instructions in the two cases reveals that those on negligence and due care in special circumstances, given in the case before us, do correctly state the law and are as clear as those given in *Frederick.* The *Frederick* instructions, quoted above, were closely scrutinized and found sufficient:

"It goes without saying that the language used lacks the clarity to be desired in jury instructions. However, upon close analysis it fairly conveyed to the jury its obligation to determine whether defendant's actions constituted due care and its right, in making that factual determination, to find that a reasonably prudent common carrier in like circumstances would have exer-

cised greater diligence than would a reasonably prudent person in the pursuit of affairs unlike those of a common carrier. Notwithstanding the understandable difficulties the trial judge experienced in explaining our own prior erroneous rulings, the instruction was a substantially correct statement of the law of the case." 370 Mich 438-439.

The trial judge used the Standard Jury Instructions, tailored to meet the particular circumstances presented in the case. The resulting instructions accurately, fully, and fairly stated the law. They were not misleading.

Affirmed.

J. H. GILLIS, P.J., concurred.

SHEPHERD, J. *(dissenting)*. Plaintiff Leola Walker appeals as of right a jury's finding of no cause of action in her negligence suit against defendant Consumers Power Company.

While at work as the kitchen supervisor at the Pontiac Elks Club on April 3, 1979, plaintiff suffered second- and third-degree burns on her face and other portions of her upper body when a gas-fueled broiler exploded.

On June 20, 1979, plaintiff filed suit against Consumers alleging that Consumers, by its officers, agents and employees, was negligent in that it failed to shut off the gas or to remedy the dangerous condition resulting from the escape of gas into the kitchen after it had knowledge of that condition and that Consumers' breach of duty was a proximate cause of plaintiff's injury.

After Consumers filed its answer, CNA Insurance Company filed a complaint as an intervening plaintiff on October 3, 1979. A second defendant, Mr. Gas, Inc., was added pursuant to stipulation of

the parties. At the close of plaintiff's proofs, however, an unopposed motion for directed verdict by Mr. Gas was granted by the trial court. A similar motion by defendant Consumers was denied.

Following instructions by the trial court, the jury returned a verdict of no cause of action in favor of Consumers, specifically finding that Consumers had not been negligent. Plaintiff subsequently moved for a new trial, alleging that the court erred in refusing to give, over plaintiff's objections, instructions imposing a higher standard of care on a gas company, in refusing to give instructions to the jury regarding the correct standard of care imposed on Consumers, and in refusing to instruct the jury concerning Consumers' duty to inspect and stop the gas leak. Plaintiff's motion for a new trial was denied.

On appeal, plaintiff argues that the trial court erred in instructing the jury that defendant was held to the standard of care of a reasonably careful person rather than to a high standard of care. Furthermore, plaintiff argues, the trial court should have instructed the jury that, once defendant was notified of escaping gas, it had the duty to detect and repair any gas leaks. I consider the instructions to have been defective, thereby entitling plaintiff to a new trial.

Since the threshold question for the jury in this case was whether Consumers was negligent, and in light of the fact that if no negligence on the part of Consumers were found the jury was to go no further, the proper negligence instruction was critical. Since the jury found no negligence, an improper instruction concerning negligence would be prejudicial to plaintiff.

In *Laney v Consumers Power Co,* 418 Mich 180; 341 NW2d 106 (1983), a majority of our Supreme

Court ruled that the standard of care applicable to another public utility was not a standard of a high degree of care, but reasonable care measured by what a "reasonably careful company engaged in the business of maintaining electric power lines would do under the same circumstances". *Laney,* p 187. The *Laney* Court specifically overruled previous case law which had held that electric power suppliers were held to a high degree of care. See *Lamb v Consumers Power Co,* 286 Mich 228; 281 NW 632 (1938). In acknowledging that *Lamb* had been overruled, the Court found that, while the trial court in *Laney* had not erred in refusing, as here, to give a "high degree of care" instruction, the reasonable care instruction which was given was defective. That instruction informed the jury that negligence with respect to the defendant's conduct meant:

" 'failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do under the circumstances which you find existed in this case. It is for you to decide what a reasonably careful person would do or not do under such circumstances.

" 'The law with respect to negligence is complied with when an electric company or others engaged in the transmission or use of electricity provide such protection as will safely guard against any contingency that is reasonably anticipated. The extent of the duty or standard of care is measured in terms of foreseeability of injury from a situation created.

" 'There is no duty to safeguard against occurrences that cannot be reasonably expected or contemplated. A failure to anticipate and guard against a happening which would not have arisen but for exceptional or unusual circumstances is not negligence, nor does the law require those maintaining power transmission lines to anticipate every possible fortuitous circumstance that might cause injurious contacts with those lines.

* * *

" 'When I use the words "ordinary care", I mean the care a reasonably careful person would use under the circumstances which you find existed in the case. The law does not say what a reasonably careful person would do or would not do under such circumstances. That is for you to decide.' " *Laney, supra,* fn 2, pp 182-183.

In the instant case, the standard of care instruction given by the trial court was virtually identical to that given by the trial court and disapproved in *Laney.* The only addition of any significance in the instant case was the trial court's addition of the following statement:

"It is the duty of the plaintiff, in connection with this occurrence, to use ordinary care for her safety. It is the duty of the defendant in connection with this occurrence to use that degree of care that a reasonably prudent person would have exercised in light of the explosive nature of gas."

I do not find the addition of this last statement sufficient to differentiate and render adequate this instruction in its entirety from the one which was deemed improper in *Laney.*

I interpret the *Laney* opinion as establishing a relative standard of care for public utility companies, particularly those which provide and maintain potentially dangerous facilities as a function inherent in the scope of their activities due to the nature of the services which they provide.

Two considerations go into the determination that the "specialized" reasonable care standard is required in such situations. The first is the potentially dangerous nature of the substance or service itself which was involved in the injury. An instruc-

tion which requires the jury to consider only this factor from the standpoint of a reasonably prudent person, however, is insufficient. The jury must also consider a second factor: the duty owed by the particular defendant, in this case a public utility which is in the business of furnishing the potentially dangerous substance and/or service. Therefore, as in *Laney,* I hold that the jury was required to measure Consumers' conduct by what a reasonably careful company engaged in the business of supplying natural gas (and maintaining those facilities necessary to accomplish that purpose) would do under the same circumstances. Since the trial court failed to give this instruction, as in *Laney,* "the jury may well have judged the defendant's conduct by what a reasonably careful person not engaged in defendant's business would have done under the circumstances". *Laney, supra,* p 187. The use in the instructions of the words "in light of the explosive nature of gas" does not remedy the problem since *Laney* requires the jury to consider not only the nature of the product furnished but also the duties of the public utility (not simply a reasonably prudent person) which furnishes the product.

I would reverse and remand for a new trial.