DICKEY v FLUHART

Docket No. 75520. Submitted March 7, 1985, at Detroit.—Decided October 8, 1985.

Plaintiff, Clifford Dickey, brought an action in the Oakland Circuit Court seeking damages for injuries inflicted upon the plaintiff during the course of a lawful arrest made by City of Novi Police Officers Ralph Fluhart and Dennis Jelly. Plaintiff became the subject of the arrest when, in the course of his employment but after business hours, he entered his employer's place of business and either accidently activated the burglar alarm or the subject alarm malfunctioned. Named as defendants were the two police officers, the City of Novi and Guardian Alarm Company. The facts indicate that the officers, under the mistaken belief that they were responding to a breaking and entering in progress, were confronted with a situation termed "excitable" by the trial court, John N. O'Brien, J., and that they thereupon ordered plaintiff to halt and assume a search position. Plaintiff demonstrated a hesitancy and reluctance to perform as he was ordered, whereupon Officer Fluhart, in a routine manner, executed search procedures and, in doing so, physically put plaintiff against a wall. The trial court was further of the opinion that while such acts were not intentional they were negligent, as the pending circumstances did not present sufficient potential for danger so as to warrant the

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Jury § 57.

[2] Am Jur 2d, Judges § 222.

[3, 5, 6, 8, 11] Am Jur 2d, Municipal, School and State Tort Liability § 243.

When does police officer's use of force during arrest become so excessive as to constitute violation of constitutional rights, imposing liability under Federal Civil Rights Act of 1871 (42 USCS § 1983). 60 ALR Fed 204.

Right to resist excessive force used in accomplishing lawful arrest. 77 ALR3d 281.

[4] Am Jur 2d, Municipal Corporations, Counties and other Political Subdivisions §§ 128 et seq.

[7] Am Jur 2d, Assault and Battery §§ 2-6.

[9] Am Jur 2d, Negligence §§ 32 et seq.

[10] Am Jur 2d, Sheriffs, Police and Constables §§ 21 et seq.

degree of force or roughness that was asserted against plaintiff as part of routine search procedures. Upon the close of plaintiff's proofs, the trial court directed a verdict of no cause of action as to Officer Jelly and Guardian Alarm Company. Upon submission of all the proofs, the trial court found that Officer Fluhart was liable to plaintiff in the amount of $5,452 and also that plaintiff was without a cause of action as against the City of Novi. Plaintiff appeals from the judgment thereafter entered, which granted him damages and ordered that there was no cause of action as to defendants Jelly, City of Novi and Guardian Alarm Company, and from certain other orders of the trial court. Defendant Fluhart cross-appeals from that judgment and defendants Jelly and the City of Novi cross-appeal from an order denying their motion to invoke mediation sanctions. Guardian Alarm Company is not a party to this appeal. *Held:*

1. The trial court correctly determined that plaintiff waived his right to a jury trial by failing to file a demand for a jury trial within 30 days after the filing of the answer to his initial complaint. Since plaintiff's amended complaint did nothing more than add new theories of liability based on the same set of circumstances, the trial court correctly found that plaintiff's right to demand a jury trial was not revived by his amended complaint.

2. The trial judge did not err in refusing to disqualify himself when, prior to trial, he became aware of the mediation evaluation regarding this action.

3. The trial court was correct in granting judgment in favor of the City of Novi on the basis of governmental immunity from tort liability for injuries arising out of the exercise or discharge of a governmental function.

4. The trial court correctly determined that activity during the execution of even a lawful arrest is a ministerial-operational activity which does not confer immunity from tort liability upon the arresting officers.

5. The standard of care required of a police officer in executing an arrest so as to avoid tort liability is that the officer may not utilize wanton or malicious conduct or demonstrate a reckless indifference to the common dictates of humanity. Thus, since the trial court found that conduct exercised by Officer Fluhart in arresting plaintiff was only negligent, liability cannot attach. The trial court's dismissal of plaintiff's action as to Officer Jelly is sustained and the finding of liability as to Officer Fluhart is reversed.

6. Plaintiff's claim that the officers violated his civil rights was found to be without merit.

7. The question of whether the trial court erred in not

imposing mediation sanctions is remanded for reconsideration in view of the holding in this appeal.

Affirmed in part, reversed in part and remanded. Jurisdiction is not retained.

T. M. BURNS, P.J., dissented from the majority opinion in regard to the liability of Officer Fluhart. He concurs on all of the other issues. It is his belief that an officer is justified only in using reasonable force in order to effect a lawful detention and search, just as an officer is entitled to use only reasonable force when making an arrest. He believes that the proper standard of care by which to determine a claim of negligence on the part of a police officer is that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances. He believes that there is no immunity from tort liability for the negligent performance of a ministerial-operational activity and would therefore affirm the finding that Officer Fluhart was liable for the injury resulting from his negligence.

## OPINION OF THE COURT

1. JURY — WAIVER OF JURY TRIAL — AMENDMENTS TO PLEADING — COURT RULES.

A plaintiff waives the right to a jury trial where he fails to file a demand for a jury trial within 30 days after the filing of the answer to his initial complaint; an amendment to the pleading starts the time for a new jury demand only if the amendment introduces completely new matter into the case and does not assert only a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading (GCR 1963, 508.2[1], 508.4).

2. APPEAL — PRESERVING QUESTION — DISQUALIFICATION OF JUDGES — COURT RULES.

A plaintiff does not preserve for appeal an issue regarding a trial judge's failure to disqualify himself when, prior to trial, the judge became aware of the mediation evaluation in the case where the plaintiff did not file a motion for disqualification as required by the court rule pertaining thereto (GCR 1963, 316.6[h][2], 912.3[a]).

3. GOVERNMENTAL IMMUNITY — MUNICIPAL CORPORATIONS — TORTS — GOVERNMENTAL FUNCTIONS.

A city is immune from tort liability for injuries arising out of the exercise or discharge of a governmental function such as where injuries arise during the course of a lawful arrest made by the

city's police officers (MCL 691.1401 *et seq.;* MSA 3.996[101] *et seq.*).

4. MUNICIPAL CORPORATIONS — HOME RULE CITIES — CONSTITUTIONAL LAW.

A home rule city is mandated by law to provide in its charter for the public peace, health and safety of persons and property (Const 1963, art 7, § 22; MCL 117.3[j]; MSA 5.2073[j]).

5. GOVERNMENTAL IMMUNITY — ARREST — POLICE OFFICERS.

Activity by police officers during the execution of a lawful arrest is a ministerial-operational activity which does not confer immunity from tort liability upon the arresting officers.

6. ARREST — POLICE OFFICERS — TORT LIABILITY — NEGLIGENCE.

An action for tort liability may lie against a police officer as a result of conduct by the officer in executing an arrest only if the officer has utilized wanton or malicious conduct or demonstrated a reckless indifference to the common dictates of humanity; such an action will not lie where the officer's conduct was only negligent.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY T. M. BURNS, P.J.

7. ASSAULT AND BATTERY — ACTIONS.

*A plaintiff must prove every element of the cause of action in order to recover on a claim of battery; moreover, a plaintiff's claim may fail if a defendant raises and proves a valid defense.*

8. ARREST — SEARCHES — POLICE OFFICERS.

*A police officer is justified only in using reasonable force in order to effect a lawful detention and search, just as an officer is entitled only to use reasonable force when making an arrest.*

9. NEGLIGENCE — DUTY OF CARE — BREACH OF DUTY — PROXIMATE CAUSE.

*A plaintiff, in order to prevail on a claim of negligence, must prove that the defendant owes a duty of care to the plaintiff, that defendant breached that duty and that such breach was a proximate cause of plaintiff's injuries.*

10. NEGLIGENCE — POLICE OFFICERS — STANDARD OF CARE.

*The standard of care for the determination of a claim of negligence on the part of a police officer arising from conduct in the performance of his duties is that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances.*

11. Governmental Immunity — Police Officers — Torts — Minis-
    terial-Operational Activities — Negligence.
  *There is no immunity from tort liability for the negligent perfor-
  mance of a ministerial-operational activity by a police officer.*

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Fos-
ter, P.C.* (by *Lee A. Stevens),* for plaintiff.

*Lampert, Fried & Levitt, P.C.* (by *David M. Fried*
and *Dennis Watson),* for defendants.

Before: T. M. BURNS, P.J., and J. H. GILLIS and
J. P. SWALLOW,* JJ.

J. P. SWALLOW, J. Plaintiff, Clifford Dickey, ap-
peals as of right from a judgment and from certain
orders as rendered in an Oakland County Circuit
Court bench trial as to the defendant police offi-
cers and their city employer. The defendant police
officers, Fluhart and Jelly, and the City of Novi
cross-appeal. Consideration of only a partial tran-
script on appeal has been stipulated to and defen-
dant Guardian Alarm Company is not a party to
this appeal.

Factually, it appears from the findings of the
trial judge that the injuries complained of were
inflicted upon plaintiff during the course of a
lawful arrest as made by City of Novi Police
Officers Fluhart and Jelly. Plaintiff became the
subject of the arrest when, in the course of his
employment but after normal business hours, he
entered his employer's place of business and either
accidentally activated the burglar alarm or the
subject alarm malfunctioned. In any case, the
officers, under the mistaken belief that they were
responding to a breaking and entering in progress,
were confronted with a situation termed "excita-
ble" by the trial judge, and thereupon ordered

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff to halt and assume a search position. Plaintiff demonstrated a hesitancy and reluctance to perform as he was ordered, whereupon Officer Fluhart, in a routine manner, executed search procedures and, in doing so, physically put plaintiff against a wall. The trial judge was further of the opinion that while such acts were not intentional they were negligent, as the pending circumstances did not present sufficient potential for danger so as to warrant the degree of force or roughness that was asserted against plaintiff as part of routine search procedures.

Upon the close of plaintiff's proofs, the court directed a verdict of no cause of action as to Officer Jelly and Guardian Alarm Company. Upon submission of all proofs, the court found that Officer Fluhart was liable to plaintiff in the amount of $5,452 and also that plaintiff was without a cause of action as against the City of Novi.

Plaintiff's first assignment of error is that the trial court erred in not granting him a jury trial. The record is clear that plaintiff failed to file a demand for a jury trial within 30 days after the filing of the answer to his initial complaint as required by GCR 1963, 508.2(1), and, therefore, by operation of the court rule waived his right to same.

Plaintiff argues that notwithstanding GCR 1963, 508.2(1), the allowing of an amended complaint by the trial court entitles him to a right to a jury trial, at least as to those matters introduced by the amended complaint.

GCR 1963, 508.4 provides in pertinent part that:

"* * * A waiver of trial by jury is not revoked by an amendment of a pleading asserting only a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. * * *"

An amendment to the pleading starts the time for a new jury demand only if the amendment introduces completely new matter into the case. The time for making a jury demand is not revived by asserting a claim which arises out of the conduct, transaction, or occurrence set forth in the original pleading. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 424.

Plaintiff's original complaint and plaintiff's amended complaint both allege several causes of action arising out of his arrest of February 27, 1978, by police officers of the City of Novi. The amended complaint does nothing more than add new theories of liability based on the same set of circumstances. The amended complaint adds a claim that plaintiff's constitutional rights had been violated and that the City of Novi negligently trained its police officers. These additional counts could have been included in the original complaint. The additional counts do not introduce new matters into the case, and, therefore, the trial judge was correct in finding that plaintiff's right to demand a jury trial was not revived.

Plaintiff next claims that the trial judge committed error by not disqualifying himself when, prior to trial, he became aware of the mediation evaluation. See GCR 1963, 316.6(h)(2). The trial judge learned of the specific evaluation as part of the proceedings surrounding plaintiff's unsuccessful motion to remand to the district court for the reason that the mediation evaluation did not exceed that court's jurisdictional limitations. See GCR 1963, 316.6(h)(3). The thrust of plaintiff's claim is that the trial judge, by knowing the amount of the mediation award, is tainted under GCR 1963, 316.6(h)(2) and thus should be considered prejudiced and ineligible to sit as the trier of fact under GCR 1963, 912.2.

While plaintiff voiced objection to the trial judge's being aware of the mediation evaluation, he did not file a motion for disqualification as required by GCR 1963, 912.3(a) and has thus failed to preserve this issue for appeal. Further, the record is expressly free of evidence of actual prejudice as required for disqualification under Rule 912. *Emerson v Arnold (After Remand)*, 92 Mich App 345; 285 NW2d 45 (1979); *Irish v Irish*, 59 Mich App 635; 229 NW2d 874 (1975). We thus conclude that the trial judge did not err in refusing to disqualify himself.

The next several issues raised on both appeal and cross-appeal are controlled by the application of the governmental immunity statute to the facts of this case. MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.*

First, we concur that the trial judge was correct in granting judgment in favor of the City of Novi on the basis of governmental immunity as the city is immune from tort liability for injuries arising out of the exercise or discharge of a governmental function. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984).

Novi, a home rule city by virtue of constitution and statute, Const 1963, art 7, § 22; 1909 PA 279; MCL 117.1 *et seq.;* MSA 5.2071 *et seq.,* is mandated, by law, to provide in its charter for the public peace, health and safety of persons and property, MCL 117.3(j); MSA 5.2073(j). We take judicial notice that Chapter 4, § 415 of the city's charter does in fact create a police department which is required to enforce all laws, ordinances and codes and to preserve peace and order. In order to accomplish its duties, the police department must necessarily make arrests; thus arrests are impliedly authorized by constitution, statute and charter. Since plaintiff's injuries arose during

the course of a lawful arrest made by the city's police officers, we hold that they were engaged in the exercise or discharge of a governmental function and the city is thus entitled to governmental immunity from tort liability.

Further, we concur with the trial court's holding that activity during the execution of even a lawful arrest is a ministerial-operational activity which does not confer immunity from tort liability upon the arresting officers, *Sherbutte v Marine City*, 374 Mich 48; 130 NW2d 920 (1964); see also *Ross, supra*, p 625.

We are now squarely faced with the question of what degree of care must be exercised by police officers in the making of an arrest so as to avoid tort liability. *Ross* instructs that, once the decision to arrest has been made by a police officer, the execution thereof must be performed in a proper manner.

> "The determination of what type of action to take * * * make an immediate arrest, to pursue a suspect, issue a warning, await backup assistance, etc., is a discretionary-decisional act entitled to immunity. *Once that decision has been made, however, the execution thereof must be performed in a proper manner, e.g., the arrest must be made without excessive force * * *."* (Emphasis added.) *Ross, supra*, pp 659-660.

*Firestone v Rice*, 71 Mich 377; 38 NW 885 (1888), an early Michigan case, establishes the standard of care required of a police officer in executing an arrest. An action may lie only if the officer has utilized wanton or malicious conduct or demonstrated a reckless indifference to the common dictates of humanity.

> "There must be some discretion reposed in a sheriff or other officer, making an arrest for felony, as to the

means taken to apprehend the supposed offender, and to keep him safe and secure after such apprehension. And this discretion cannot be passed upon by a court or jury unless it has been abused through malice or wantonness or a reckless indifference to the common dictates of humanity.

"The sheriff cannot stop, when the man is unknown to him, at the moment of arrest, to inquire into his character, or his intentions as to escape, or his guilt or innocence of the offense charged against him. His duty is to take him, to safely keep him, and to bring his body before a magistrate. If he does this without wantonness or malice, it is not for a jury to find that his precautions were useless and unnecessary in the light of after-acquired knowledge of the true character and intent of the accused, and to punish the sheriff in damages for what honestly appeared to him at the time to be reasonable and right." *Firestone, supra,* pp 384, 387.

We resolve the apparent inconsistencies by noting that the issue of the standard of care required of a police officer when making an arrest was not before the Court in *Ross.* The language of *Ross* on that issue is thus not decisional and we hold that *Firestone* is controlling precedent in this state.

Since the trial judge found that conduct exercised by Officer Fluhart in arresting plaintiff was only negligent, liability cannot attach. The trial court's dismissal of plaintiff's action as to Police Officer Jelly is sustained and the finding of liability as to Officer Fluhart is reversed.

We also find plaintiff's claim that the police officers violated his civil rights and that he is therefore entitled to damages under the appropriate federal statute, 42 USC 1983, to be without merit. Plaintiff fails to state a constitutional right of which he has been deprived, and, further, the police officers at all times acted in good faith and with probable cause while they searched and detained plaintiff.

The question of whether the trial court erred in not imposing mediation sanctions is remanded for reconsideration in view of our holding herein.

Affirmed in part, reversed in part and remanded. We do not retain jurisdiction.

Costs to defendants.

J. H. Gillis, J., concurred.

T. M. Burns, P.J., *(concurring in part and dissenting in part).* I respectfully dissent from the majority opinion in regard to the liability of Officer Fluhart. I concur on all other issues.

The trial court found that the search procedure conducted by Officer Fluhart was a ministerial act which was executed negligently. The trial court further found that plaintiff's injuries resulted from force exerted by the officer in placing plaintiff against the wall. The trial court, however, found that the officer did not commit an intentional tort.

Plaintiff's injuries occurred during the execution of a temporary detention and search. I agree with the majority's conclusion that the execution of the search procedure is a ministerial-operational activity and that the officer is not immune from tort liability arising from the performance of that activity. See *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 592, 659-660; 363 NW2d 641 (1984).

The question before us is whether the trial court properly concluded that a tort was committed. The existence of a tort will generally be determined with reference to common-law tort principles. In the present case, two different theories of liability were advanced, *i.e.,* battery and negligence.

In order to recover on a claim of battery, a plaintiff must prove every element of the cause of action. Moreover, a plaintiff's claim may fail if a

defendant raises and proves a valid defense. In this case, Officer Fluhart claimed that he was justified in using force against plaintiff in order to effect a lawful detention and search. I believe that an officer is justified only in using reasonable force, just as an officer is entitled to use only reasonable force when making an arrest. See *Brewer v Perrin,* 132 Mich App 520, 528; 349 NW2d 198 (1984); *Smith v Michigan,* 122 Mich App 340, 345; 333 NW2d 50 (1983). However, the trial judge did not state his reasons for finding that an intentional tort had not been committed. The judge did not indicate whether he felt that the use of force was justified or whether he felt that plaintiff failed to prove that the officer possessed the requisite intent to do an act involving the use of excessive force. Because of the state of the record, I am unable to review this finding.

However, I believe that the trial court properly concluded that the officer was liable for the injury resulting from his negligence. In order to prevail on a claim of negligence, a plaintiff must prove that the defendant owes a duty of care to plaintiff. The plaintiff must also show that defendant breached that duty and that such breach was a proximate cause of plaintiff's injuries. The dispute in this case is in regard to the duty of care. It is clear in this case that, because of the relationship between the parties, Officer Fluhart owed plaintiff a duty. The problem arises in regard to the extent of that duty. I believe that the proper standard of care in this situation is "that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances".

This jurisdiction has returned to the common-law rule of one standard of due care. *Laney v Consumers Power Co,* 418 Mich 180, 186; 341

NW2d 106 (1983). See also *Moning v Alfono,* 400 Mich 425, 443; 254 NW2d 759 (1977). The Supreme Court has stated the standard by which to determine a claim of negligence on the part of a police officer: the officer's conduct should be compared to that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances. *Fiser v Ann Arbor,* 417 Mich 461, 470; 339 NW2d 413 (1983).

The majority apparently feels that a police officer must be held to some lesser standard of care than the general standard of care that is applicable to other persons in this state. The majority apparently believes that a police officer has a duty to act only in an "unwanton" or "unmalicious" manner. I cannot subscribe to a rule of law which would relieve a police officer from liability for unreasonable conduct in the performance of his duties. There is no less need for the use of reason in performing the job of a police officer than there is in any other activity. In fact, due to the nature of the job, there is probably a larger need to take rational action because of the recurring need for the use of weapons and physical force. Police officers are trained to remain calm and rational. On the other hand, police officers obviously encounter many stressful and unpredictable situations. However, the duty imposed on the officer is a duty of reasonable care under the circumstances of the case. I believe that this standard and the immunity granted for discretionary acts performed by police officers will adequately shield them from liability so that they may proficiently carry out the duties placed on them.

The trial court in this case did not state which standard of care was applied. The trial court simply found that the defendant negligently per-

formed the search, but that he did not commit an intentional tort. While the majority admits that the trial court found that Officer Fluhart's conduct was negligent, the majority concludes that liability cannot attach. There is no immunity from tort liability for the negligent performance of a ministerial-operational activity. *Ross v Consumers Power Co, supra,* 420 Mich 660, fn 51. I therefore would affirm the finding of liability as to Officer Fluhart.